UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCEL YOUAKIM, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ISILON SYSTEMS, INC., et al.,<br><br>　　　　　Defendants. | Case No. C07-1764MJP<br><br>CLASS ACTION<br><br>ORDER CONSOLIDATING CASES AND APPOINTING DR. MAGDY FOUAD AS LEAD PLAINTIFF |
| KIRBY D. DENGER and DAVID W. HOOPER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ISILON SYSTEMS, INC., et al.,<br><br>　　　　　Defendants. | Case No. C07-1992MJP<br><br>CLASS ACTION |
| PHENIL PATADIA, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ISILON SYSTEMS, INC., et al.,<br><br>　　　　　Defendants. | Case No. C07-02011MJP<br><br>CLASS ACTION |

ORDER — 1

This matter comes before the Court on four motions to consolidate the above securities actions and for appointment of lead plaintiff in the consolidated class action.  The Court has received motions from:  George Nicholas, Southwest Carpenters Pension Trust Fund, MARTA/ATU Local 732 Employees Retirement Plan (Metropolitan Atlanta Rapid Transit Authority) ("MARTA/ATU"), and Dr. Magdy Fouad.  The Court has reviewed the moving papers, the responsive briefs, and all exhibits and declarations attached thereto, and makes the following ruling:

IT IS ORDERED that the above-entitled actions will be consolidated into a single action under case number C07-1764MJP, entitled <u>Dr. Magdy Fouad, individually and on behalf of all others similarly situated v. Isilon Systems, Inc., et al.</u>.

IT IS FURTHER ORDERED that Dr. Magdy Fouad is appointed individually as the lead plaintiff and Cohen Milstein are appointed lead counsel in the matter and Keller Rohrback are appointed liaison counsel.  The Court's reasoning is set forth below.

**Discussion**

This matter comes before the Court as a series of securities class action lawsuits filed against Isilon Systems, Inc. ("Isilon") and a number of its corporate officers and directors.  All three actions allege violations of Section 11 and 15 of the Securities Act of 1933 ( the "Securities Act") and  Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and Rule 10(b)(5) promulgated thereunder (17 C.F.R. §240.10b-5).  The violations are alleged to have occurred from December 14, 2006 to October 3, 2007.  Mr. Patadia's complaint includes an additional claim based on the same underlying facts that Defendants violated Section 12(a)(2) of the Securities Act during the same time period.  The three actions allege that Defendants made false and misleading statements and omissions in Isilon's Registration Statement, released in conjunction with Isilon's initial public offering ("IPO"), which was completed on December 14,

ORDER — 2

2006.  The complaints allege that Defendants continued to make false and misleading statements concerning the financial viability of Isilon until October 3, 2007.  Plaintiffs claim these statements violated federal law and caused a decrease in the value of their Isilon securities.

I.  Consolidation

All parties, including Defendants, agree that consolidation is appropriate under Fed. R. Civ. P. 42 which provides that:

> When actions involving a common question of law or fact are pending before the court, it may order... all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Fed. R. Civ. P. 42(a).  The three lawsuits allege nearly identical facts and claims and involve the same time period.  Consolidation would provide the benefit of cost-savings and uniformity of decision-making, while at the same time avoiding the possible pitfall of res judicata application of earlier decision to later-decided claims.  For reasons of judicial economy, in light of overlapping factual and legal issues and to avoid the risk of duplicative recoveries, the Court orders the above-entitled matters to be consolidated in a single action.

Under the Private Securities Litigation Reform Act ("PSLRA"), Securities Exchange Act § 21 (codified at 15 U.S.C. § 78e et seq), an order of consolidation is a prerequisite to the designation of a lead plaintiff and lead counsel.  15 U.S.C. § 78u-4(a)(3)(B)(ii).

II.  Lead Plaintiff

The PSLRA requires the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members[.]"  15 U.S.C. § 78U-4(a)(3)(b)(i).  Under the statute, the "most qualified" plaintiff (1) has brought the motion for appointment of lead counsel in response to the publication of notice; (2) has the largest financial interest in the relief sought by the class; and (3) satisfies the requirements of Fed. R. Civ. P. 23.  15 U.S.C. § 78U-4(a)(3)(B)(iii)(I)(aa)-(cc).  These guidelines create a rebuttable presumption of qualification.

The Ninth Circuit has adopted a three-step inquiry to determine lead plaintiff status.  In re

ORDER — 3

Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002).  The Court must determine: (1) whether the procedural requirements of the PSLRA have been met; (2) which plaintiff has the largest financial interest in the action and whether that plaintiff meets the requirements of FRCP 23; and (3) whether other candidates can rebut the presumption that the putative lead plaintiff can adequately represent the class.

1. Procedural Requirements of the PSLRA

A prospective lead plaintiff meets the procedural requirements of the PSLRA if the first-filed plaintiff has filed an appropriate notice to the class within 20 days of the filing of the action and the prospective lead plaintiff has moved for lead plaintiff within 60 days of such notice.  15 U.S.C. § 78u-4(a)(3)(A)(i).  In this matter, counsel in the Youakim action caused the first notice to be published on November 1, 2007.  Dr. Fouad filed his motion on December 31, 2006, within 60 days of the publication of the first notice.  Additionally, Dr. Fouad has filed the required sworn Certification of Named Plaintiff detailing "all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint."  15 U.S.C. § 78u-4(a)(2)(A)(iv).  Dr. Fouad has met the procedural requirements of the PSLRA.

2. Largest Financial Interest and Fed. R. Civ. P. 23 Requirements

Although the PSLRA does not specify the criteria for calculating which party has the largest financial interest, courts generally consider:  the number of shares purchased during the class period, the number of net shares purchased during the class period, the total net funds expended during the class period and the estimated losses suffered during the class period.  In re Surebeam, 2004 WL 5159061 (S.D. Cal.); see also In re Olsten Corp. Sec. Litig., 3 F.Supp.2d 286, 295 (E.D.N.Y. 1988); In re Enron Corp. Sec. Litig., 306 F.R.D. 427, 440 (S.D. Tex. 2002). The movants have offered the Court evidence of the losses they suffered as a result of Defendants' alleged actions.  Dr. Fouad claims a loss of $712,500.13, the largest of any movant. Southwest Carpenters Pension Trust Fund claims the second largest loss at $232,433.34 and filed a notice of non-opposition to Dr. Fouad's motion to be appointed lead plaintiff on the basis that

ORDER — 4

Dr. Fouad's financial interest is larger than its own.  (Dkt. No. 32.)  The remaining two movants claim losses less than $100,000.

Additionally, the PSLRA provides that the proposed lead plaintiff must satisfy the requirements of Fed. R. Civ. P. 23.  In re Cavanaugh holds that "typicality" and "adequacy of representation" are the only provisions in Rule 23 relevant to a determination of lead plaintiff.  306 F.3d at 730, n.5 and 732.  Dr. Fouad meets the "typicality" requirements because his claims arise from the same course of conduct which gave rise to the claims of the class members and are founded on the same legal theory.  Like all class members, Dr. Fouad suffered damages from the purchase of Isilon securities during a period when Defendants allegedly made false and misleading statements about the Company in violation of the Securities Act and the Exchange Act.  Dr. Fouad also satisfies the condition of "adequacy"  because (1) Dr. Fouad's interests are in common with, and not antagonistic to, those of the class; and (2) Dr. Fouad's chosen counsel are qualified, experienced and generally able to conduct the litigation.  Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978).

3. Can the Presumption Be Rebutted by Others Vying for Lead Plaintiff

No movant has presented evidence or made an argument rebutting the presumption that Dr. Fouad is most qualified to be lead plaintiff.

III.  Lead Counsel

The PSLRA recognizes the authority of the lead plaintiff to select and retain lead counsel, subject to the approval of the court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  A court should approve the lead plaintiff's choice of lead counsel "based solely on that counsel's competence, experience and resources[.]"  In re MicroStrategy Inc. Sec. Litig., 110 F.Supp.2d 427, 438 (E.D.Va. 2000).  Dr. Fouad has chosen Cohen Milstein as lead counsel and Keller Rohrback as liaison counsel.  Dr. Fouad has submitted sufficient evidence showing that both firms have previous experience litigating securities class actions and are competent to litigate the current action.  See Leviton Declaration, Ex. C.

ORDER — 5

**Conclusion**

The three securities class actions above will be consolidated as a single action entitled <u>Dr. Magdy Fouad, individually and on behalf of all others similarly situated v. Isilon Systems, Inc., et al.</u>, Case No. C07-1764MJP. The Court appoints Dr. Magdy Fouad as lead plaintiff and approves his choice of lead and liaison counsel. Dr. Fouad must file a consolidated complaint in this action within twenty days of this order. The Defendants must respond to the consolidated complaint and need not respond to the initial complaints in the cases to be consolidated.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: February 4, 2008.

Marsha J. Pechman

U.S. District Judge

ORDER — 6