The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DR. MAGDY FOUAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ISILON SYSTEMS, INC., et al.,<br><br>Defendants. | NO. C07-1764 MJP<br><br>**REPLY IN SUPPORT OF SEQUOIA DEFENDANTS' MOTION TO DISMISS COMPLAINT**<br><br>**NOTED ON MOTION CALENDAR: Friday, September 12, 2008**<br><br>**ORAL ARGUMENT REQUESTED** |



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ....... I

TABLE OF AUTHORITIES ....... II

I. INTRODUCTION ....... 1

II. ARGUMENT ....... 1

A. Plaintiffs Do Not Adequately Allege Primary Violations by Either Isilon or McAdoo. ....... 1

B. Plaintiffs Must Plead Facts With Particularity. ....... 2

C. Plaintiffs Do Not Dispute Sequoia's Lack of Control Over McAdoo. ....... 3

D. Plaintiffs Do Not Adequately Allege Sequoia's Control Over Isilon. ....... 4

*1. Plaintiffs Do Not Allege Sequoia's Day-to-Day Control Over Isilon or Sequoia's Control Over Any Allegedly Misleading Statements. ....... 4*

*2. Sequoia's 20 percent post-IPO share of Isilon and designation of one director are insufficient to plead control of Isilon by Sequoia. ....... 5*

*3. Plaintiffs Point to No Facts Indicating Collective Action By the Three Venture Capital Firm Defendants. ....... 6*

III. CONCLUSION ....... 7



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

**TABLE OF AUTHORITIES**

Page

## Federal Cases

*766347 Ontario Ltd. v. Zurich Capital Mkts. Inc.*, 249 F. Supp. 2d 974 (N.D. Ill. 2003) ....... 2

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ....... 2

*Howard v. Everex Sys., Inc.*, 228 F.3d 1057 (9th Cir. 2000) ....... 1, 3, 4

*Howard v. Hui*, No. C 92-3742-CRB, 2001 WL 1159780 (N.D. Cal. Sept. 24, 2001) ....... 2

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 308 F. Supp. 2d 249 (S.D.N.Y. 2004) ....... 3, 5

*In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217 (N.D. Cal. 1994) ....... 3, 5

*In re Health Mgm't Inc. Sec. Litig.*, 970 F. Supp. 192 (E.D.N.Y. 1997) ....... 5

*In re Metawave Communications Corp. Sec. Litig.*, 298 F. Supp. 2d 1056 (W.D. Wash. 2003) ....... 2, 3, 4

*In re Musicmaker.com Sec. Litig.*, No. 00-2018, 2001 WL 34062431 (C.D. Cal. June 4, 2001) ....... 5

*In re Oak Tech. Sec. Litig.*, No 96-20552 SW, 1997 WL 448168 (N.D. Cal. Aug. 1, 1997) ....... 2

*In re Splash Tech. Holdings, Inc. Sec. Litig.*, No. C 99-00109 SBA, 2000 WL 1727405 (N.D. Cal. Sept. 29, 2000) ....... 2

*In re Worlds of Wonder Sec. Litig. ("WOW")*, 721 F. Supp. 1140 (N.D. Cal. 1989) ....... 3, 5

*Lipton v. Pathogenesis Corp.*, 284 F.3d 1027 (9th Cir. 2002) ....... 1

*Nat'l Century Fin. Enters., Inc. Fin. Inv. Litig.*, 553 F. Supp. 2d 902 (S.D. Ohio 2008) ....... 3, 5

*No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.*, 320 F.3d 920 (9th Cir. 2003) ....... 6

*Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895 (9th Cir. 2007) ....... 4

*Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02 CV 2133, 2004 WL 515150 (D. Conn. Mar. 9, 2004) ....... 5

*Swartz v. Deutsche Bank*, No. 03-1252, 2008 WL 1968948 (W.D. Wash. May 2, 2008) ....... 2, 3



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

*Theoharous v. Fong*, 256 F.3d 1219, 1227-28 (11th Cir. 2001) .......... 3, 5

*United States v. Bestfoods*, 524 U.S. 51 (1998) .......... 4

**Federal Statutes**

Fed. R. Civ. P. 12(b)(6) .......... 3, 4

Fed. R. Civ. P. 8(a)(2) .......... 2, 3

Fed. R. Civ. P. 9(b) .......... 3

Fed. R. Evid. 201 .......... 4



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

## I. INTRODUCTION

Plaintiffs' complaint alleges only two facts to support a claim of control person liability against the Sequoia Defendants:

(1) Sequoia owned approximately 20 percent of Isilon's stock before and after IPO; and

(2) Sequoia placed one of its partners, Gregory McAdoo, on the Isilon board of directors.

As is explained in the Motion of Sequoia Defendants to Dismiss Complaint, plaintiffs cannot state a claim for control person liability by alleging only those two facts. The motion to dismiss should be granted.[1]

## II. ARGUMENT

### A. Plaintiffs Do Not Adequately Allege Primary Violations by Either Isilon or McAdoo.

To state a claim for control person liability, a plaintiff must first allege a primary violation of federal securities laws. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). Sequoia again joins in the arguments made by Isilon and the other defendants that plaintiffs have not sufficiently pleaded primary violations of securities laws by Isilon or McAdoo.

Additionally, plaintiffs do not allege that McAdoo is responsible for a primary violation of the Exchange Act. *See* Compl. at ¶ 299. Because McAdoo has not been accused of committing a primary Exchange Act violation, plaintiffs cannot assert a Section 20(a) claim against Sequoia based on Sequoia's alleged control of McAdoo. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 n.15 (9th Cir. 2002). Plaintiffs do not argue otherwise in their opposition brief.

---

[1] Sequoia Defendants also join in the motions and briefs filed by the Isilon Defendants, Madrona Defendants and Atlas Defendants.



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

**B. Plaintiffs Must Plead Facts With Particularity.**

Apart from the two facts noted above, plaintiffs' complaint relies entirely on conclusory allegations. *See* Sequoia Mot. at 2-4 (quoting, for example, plaintiffs' unsupported allegation that "[b]y and through McAdoo, Sequoia had the power to and did control Isilon . . . ."). Control person allegations must be pleaded with particularity under the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *E.g. Howard v. Hui*, No. C 92-3742-CRB, 2001 WL 1159780, at *4 (N.D. Cal. Sept. 24, 2001); *In re Splash Tech. Holdings, Inc. Sec. Litig.*, No. C 99-00109 SBA, 2000 WL 1727405, at *15 (N.D. Cal. Sept. 29, 2000); *In re Oak Tech. Sec. Litig.*, No 96-20552 SW, 1997 WL 448168, at *14 (N.D. Cal. Aug. 1, 1997); *accord 766347 Ontario Ltd. v. Zurich Capital Mkts. Inc.*, 249 F. Supp. 2d 974, 983 (N.D. Ill. 2003). Rule 8(a)(2) also requires plaintiffs to allege more than "labels and conclusions," or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007). Under *either* pleading standard, plaintiffs' complaint is deficient.

Accordingly, plaintiffs spend several pages of their opposition brief trying to avoid those pleading requirements. *See* Pls. Opp'n at 48-52. They cite *In re Metawave Communications Corp. Sec. Litig.*, 298 F. Supp. 2d 1056, 1091 (W.D. Wash. 2003), and *Swartz v. Deutsche Bank*, No. 03-1252, 2008 WL 1968948, at *19 (W.D. Wash. May 2, 2008), for the proposition that "general factual allegations, such as 'allegations that individual defendants, by virtue of their executive and managerial positions, could and did control and influence the company' are sufficient at the pleading stage." Pls. Opp'n at 51 (quoting *Swartz*, 2008 WL 1968948, at *19 ). Neither case supports plaintiffs' position.

In fact, both the *Metawave* and *Swartz* courts *dismissed* control person claims because the plaintiffs failed to allege facts sufficient to support their bare allegations of control. In *Metawave*, the court dismissed a control person claim against a corporate executive where the complaint alleged the executive's impressive job titles, but did not include facts alleging that the executive was involved in the corporation's day-to-day affairs or in any of the financial or accounting matters at issue in the litigation. 298 F. Supp. 2d at 1091. In *Swartz*, the court



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

dismissed a control person claim against a defendant alleged to be a "principal" of the corporate primary violator, 1008 WL 196948 at *4, because the plaintiff's complaint offered "only the general (and factually unsupported) conclusion" that the defendant controlled the primary violator, *id.* at *20. Both *Metawave* and *Swartz* stand for the proposition that general conclusory allegations, unsupported by specific facts, are insufficient to state a claim for control person liability.

Plaintiffs also attempt to avoid the pleading requirements of Rules 9(b) and 8(a)(2) by arguing that control person liability is an "intensely factual question" that "is not ordinarily subject to resolution on a motion to dismiss." Pls. Opp'n at 49. However, courts are not reluctant to grant Rule 12(b)(6) motions where plaintiffs do not allege facts sufficient to support their allegations of control. *See, e.g., Theoharous v. Fong*, 256 F.3d 1219, 1227-28 (11th Cir. 2001); *Howard*, 228 F.3d at 1067; *Nat'l Century Fin. Enters., Inc. Fin. Inv. Litig.*, 553 F. Supp. 2d 902, 911-14 (S.D. Ohio 2008); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 308 F. Supp. 2d 249, 273-74 (S.D.N.Y. 2004); *Metawave*, 298 F. Supp. 2d at 1091; *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1243 (N.D. Cal. 1994); *In re Worlds of Wonder Sec. Litig. ("WOW")*, 721 F. Supp. 1140, 1149 (N.D. Cal. 1989); *Swartz*, 2008 WL 1968948, at *20.

Plaintiffs simply cannot avoid their responsibility to allege specific facts in their complaint. The complaint contains only two such facts, and they are insufficient to state a claim of control person liability against Sequoia.

**C. Plaintiffs Do Not Dispute Sequoia's Lack of Control Over McAdoo.**

Other than alleging that McAdoo is a partner of Sequoia, and that Sequoia placed McAdoo on the Isilon Board prior to the IPO, the complaint contains no facts purporting to describe the "control" relationship between Sequoia and McAdoo. *E.g.*, Compl. ¶¶ 34, 47. As is explained in Sequoia's Motion to Dismiss, "control" of McAdoo by Sequoia cannot be inferred simply from McAdoo's status as a Sequoia partner. Sequoia Mot. at 9-10 (citing *Gupta*, 900 F. Supp. at 1243 and *WOW*, 721 F. Supp. at 1149 n.3). Indeed, the law presumes



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

that McAdoo fulfilled his fiduciary duties to Isilon and its shareholders no matter what his relationship with Sequoia. *See United States v. Bestfoods*, 524 U.S. 51, 69-70 (1998).

Plaintiffs do not dispute Sequoia's lack of control over McAdoo anywhere in their 61-page opposition brief. They therefore concede, as they must, that Sequoia did not control McAdoo in his role as Isilon director. *Metawave*, 298 F. Supp. 2d at 1090 (failure to respond to argument made pursuant to Rule 12(b)(6) is "a concession that [the] argument constitutes a valid reason for dismissal").

**D. Plaintiffs Do Not Adequately Allege Sequoia's Control Over Isilon.**

***1. Plaintiffs Do Not Allege Sequoia's Day-to-Day Control Over Isilon or Sequoia's Control Over Any Allegedly Misleading Statements.***

To plead "control," plaintiffs must allege facts indicating Sequoia's involvement in Isilon's day-to-day affairs or Sequoia's specific control over the allegedly misleading statements at issue. *Howard*, 228 F.3d at 1067 n.13. Plaintiffs allege neither in their complaint.

Plaintiffs' opposition brief attempts to supplement the deficient complaint by quoting from the websites of Atlas, Madrona, and Sequoia. Pls. Opp'n at 58-59. Plaintiffs offer the quotes to argue that "[t]he Venture Capital Firms are not mere passive investors, but instead are actively involved in Isilon's business." *Id.* at 55. However, the only actual information offered about Sequoia is that "it views its relationships as a partnership," and that it issued press releases containing Isilon news and listing McAdoo's contact information. *Id.* at 58-59. This information does *not* indicate that Sequoia exercised day-to-day control over Isilon or that Sequoia had *any* control over the alleged misstatements at issue in this action.

Moreover, plaintiffs' new quotes are not alleged in the complaint, and plaintiffs have not requested judicial notice of them. Nor would judicial notice be appropriate. *See* Fed. R. Evid. 201. Even if the quotes advanced the plaintiffs' case, and they do not, the plaintiffs are not permitted to bolster their deficient complaint with new "facts" contained in an opposition brief. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (when ruling on a motion to dismiss, courts may consider only allegations



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

contained in the pleadings, exhibits attached to the complaint, and matters subject to judicial notice).

***2. Sequoia's 20 percent post-IPO share of Isilon and designation of one director are insufficient to plead control of Isilon by Sequoia.***

Sequoia's 20 percent post-IPO stake in Isilon, along with Sequoia's pre-IPO designation of McAdoo to the Isilon board, are insufficient to state a claim of control person liability against Sequoia. *E.g. Theoharous*, 256 F.3d at 1227-28; *Nat'l Century*, 553 F. Supp. 2d at 911-14; *Flag*, 308 F. Supp. 2d at 273-74; *Gupta*, 900 F. Supp. at 1243; *WOW*, 721 F. Supp. at 1149. Nevertheless, plaintiffs cite three cases for the proposition that even minority ownership of a company can indicate "control" over that company. Pls. Opp'n at 56. Those three cases have facts very different from the ones presented here.

In the first case, *In re Musicmaker.com Sec. Litig.*, No. 00-2018, 2001 WL 34062431, *17 (C.D. Cal. June 4, 2001), the "controlling" defendant, Virgin Holdings, owned a majority of the primary violator's shares prior to the IPO, and remained Musicmaker's controlling shareholder after the offering. In the second case, *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02 CV 2133, 2004 WL 515150, at *8 (D. Conn. Mar. 9, 2004), the "controlling" defendant owned a large enough stake in the primary violator, relative to other shareholders, that its control could not be "mitigate[d]" by another large shareholder. In the third case, *In re Health Mgm't Inc. Sec. Litig.*, 970 F. Supp. 192, 207 (E.D.N.Y. 1997), the directors who owned minority shares were held to be control persons not simply because of their stock holdings and directorships, but because of their additional and significant involvement in the affairs of the primary corporate violator.

Here, by contrast, Sequoia does not own a dominant share of Isilon relative to other shareholders, and cannot appoint a majority of the board. Nor is Sequoia alleged to be significantly involved in Isilon's day-to-day affairs. Sequoia has only a minority stake in Isilon and has appointed a single board member. Those two facts, as a matter of law, and as a matter of common sense, are insufficient to allege Sequoia's "control" of Isilon.



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

### *3. Plaintiffs Point to No Facts Indicating Collective Action By the Three Venture Capital Firm Defendants.*

Plaintiffs try to manufacture a single majority shareholder by treating the three venture capital firms as one entity. However, the complaint contains no facts indicating collective action by the three firms. This is vastly different from the factual situation presented in *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.*, 320 F.3d 920 (9th Cir. 2003), which Sequoia cited in its Motion to Dismiss, and which is cited extensively in plaintiffs' opposition brief. *See* Pls. Opp'n at 54-59. In *America West*, the complaint contained facts explicitly alleging that two investors "joined forces to exert undue influence" over America West, and, for example, jointly influenced America West to "redouble[] its efforts to push the stock price higher by peppering the market with false statements . . . ." *America West*, 320 F.3d at 927. Here, by contrast, the complaint makes no allegation of collective action by the three venture capital firms, and contains no facts that could support such an allegation.

In plaintiffs' opposition brief, they allege that "[a]ll three Venture Capital Firms were parties to a voting agreement prior to Isilon's IPO that guaranteed that each would have at least one designee on Isilon's board." Pls. Opp'n at 57. According to plaintiffs, that agreement "shows a level of cooperation among the firms and supports the inference that they exerted significant influence over Isilon, both individually and together." *Id.* The voting agreement shows no such thing. The agreement did nothing more than guarantee Atlas, Madrona, and Sequoia – and others – a seat on Isilon's board *prior to the IPO*. Decl. of Stellman Keehnel in Supp. of Def. Madrona Venture Group, LLC's Mot. to Dismiss, Ex. 3 (voting agreement). It did *not* require those directors to agree on or cooperate in any particular course for Isilon. *See id.* Indeed, no facts alleged in the complaint or the opposition brief indicate that the three venture capital firms ever agreed on *anything* other than the voting agreement itself, which terminated with the IPO. Plaintiffs therefore cannot justify combining the three venture capital firms in order to manufacture a single controlling shareholder.



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

## III. CONCLUSION

The only two Sequoia-specific facts pleaded in plaintiffs' complaint are insufficient to allege control person liability, and no pleading standard permits the plaintiffs to state control person claims with only conclusory allegations and boilerplate recitations of the applicable legal elements. Nor can plaintiffs state control person claims against the individual venture capital firms as if they were a single controlling shareholder. The Court should dismiss all claims against Sequoia.

DATED this 11th day of September, 2008.

HILLIS CLARK MARTIN & PETERSON, P.S.

s/ Michael R. Scott

Louis D. Peterson, WSBA #5776
Michael R. Scott, WSBA #12822
1221 Second Avenue, Suite 500
Seattle, WA 98101-2925
206-623-1745; 206-623-7789 (fax)
ldp@hcmp.com; mrs@hcmp.com
Attorneys for Defendants
Sequoia Capital X, Sequoia Capital X Principals Funds, L.L.C., Sequoia Technology Partners X and SC X Management LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of September, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Seth Aronson saronson@omm.com

Karl Phillip Barth kbarth@lmbllp.com, shelby@lmbllp.com

Steve W. Berman steve@hbsslaw.com, heatherw@hbsslaw.com

Jerome F Birn, Jr jbirn@wsgr.com

David Roy East deast@mcnaul.com, rlindsey@mcnaul.com

Peter Scott Ehrlichman ehrlichman.peter@dorsey.com,seattle.docketing@dorsey.com,follis.kerry@dorsey.com,young.jan@dorsey.com

Juli E. Farris ffujita@KellerRohrback.com, jdesper@KellerRohrback.com

Larry Steven Gangnes gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, sebringl@lanepowell.com

Matthew K Handley mhandley@cmht.com

Curt Roy Hineline hineline.curt@dorsey.com,seattle.docketing@dorsey.com, jarvis.sally@dorsey.com

Christopher M Huck Christopher.huck@dlapiper.com,nina.marie@dlapiper.com, karen.hansen@dlapiper.com

David Hurwitz dhurwitz@omm.com

Barry M Kaplan bkaplan@wsgr.com, npierce@wsgr.com, scarpenter@wsgr.com

Stellman Keehnel stellman.keehnel@dlapiper.com,patsy.howson@dlapiper.com

John A. Knox jknox@williamskastner.com

Elizabeth A. Leland bleland@kellerrohrback.com

Jason Mathew Leviton jleviton@cmht.com, JML64@georgetown.edu

Bradley T. Meissner bradley.meissner@dlapiper.com

Lisa M Mezzetti lmezzetti@cmht.com



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

Mark M. Myers mmyers@wkg.com

Christopher F Nelson cnelson@wsgr.com

Lynn Lincoln Sarko lsarko@kellerrohrback.com

Daniel S Sommers dsommers@cmht.com

Southwest Carpenters Pension Trust rtownsend@bjtlegal.com

Robert M Sulkin rsulkin@mcnaul.com, rlindsey@mcnaul.com

Roger M Townsend rtownsend@bjtlegal.com, ndawber@bjtlegal.com

Gregory L Watts gwatts@wsgr.com

Christopher Brian Wells wellsc@lanepowell.com, dahlk@lanepowell.com, docketingsea@ lanepowell.com, fosters@lanepowell.com, labelleb@lanepowell.com

DATED this 11th day of September, 2008 at Seattle, Washington.

By___s/ Michael R. Scott____________
Michael R. Scott, WSBA #12822

ND: 19498.002 4822-2390-8354v1 9/11/08



HILLIS CLARK MARTIN & PETERSON, P.S.
500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789