THE HONORABLE MARSHA J. PECHMAN

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  DR. MAGDY FOUAD, individually and on          No. C07-1764 MJP
    behalf of all others similarly situated,
11                                                **STIPULATION OF SETTLEMENT**
                                    Plaintiff,
12
         v.
13
    ISILON SYSTEMS, INC., et al.,
14
                                    Defendants.
15

16      This Stipulation of Settlement dated October 23, 2009 (the "Stipulation") is submitted

17  pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the

18  Court, this Stipulation is entered into among Lead Plaintiff Dr. Magdy Fouad ("Lead Plaintiff"),

19  Plaintiff The Southwest Carpenters Pension Trust (together with Lead Plaintiff, the "Plaintiffs")

20  and defendants Isilon Systems, Inc. ("Isilon" or the "Company"), Barry J. Fidelman, Elliott H.

21  Jurgensen, Jr., Gregory L. McAdoo, Matthew S. McIlwain, Sujal M. Patel, James G. Richardson,

22  William D. Ruckelshaus, Stuart W. Fuhlendorf, Steven S. Goldman, Morgan Stanley & Co.,

23  Incorporated, Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Needham & Company, LLC

24  and RBC Capital Markets Corp. (together, the "Defendants") (Defendants and Plaintiffs are the

25

26  "Parties"), by and through their respective counsel.

STIPULATION OF SETTLEMENT
(C07-1764 MJP) Page - 1

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

WHEREAS:

A.    Beginning on November 1, 2007, the following three class actions were filed against Defendants in the United States District Court for the Western District of Washington alleging violations of the federal securities laws: *Marcel Youakim v. Isilon Systems, Inc., et al.*, Civil Action No. 07-1764; *Kirby D. Denger and David W. Hooper v. Isilon Systems, Inc., et al.*, Civil Action No. 07-1992; and *Phenil Patadia v. Isilon System, Inc., et al.*, Civil Action No. 07-2011;

B.    By Order dated February 4, 2008, the Honorable Marsha J. Pechman consolidated the above-referenced actions into Civil Action No. 07-1764, under the caption *Dr. Magdy Fouad, individually and on behalf of all others similarly situated v. Isilon Systems, Inc., et al.*, (the "Action"). In this same Order, Judge Pechman appointed Dr. Magdy Fouad as Lead Plaintiff and appointed Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as lead counsel ("Lead Counsel") and Keller Rohrback L.L.P. as liaison counsel ("Liaison Counsel") for the Class;

C.    On April 18, 2008, Plaintiffs filed the Consolidated Class Action Complaint (the "Complaint") asserting claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission (the "SEC"), and under §§ 11, 12 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l, and 77o, against Isilon, Barry J. Fidelman, Elliott H. Jurgensen, Jr., Gregory L. McAdoo, Matthew S. McIlwain, Sujal M. Patel, James G. Richardson, William D. Ruckelshaus, Stuart W. Fuhlendorf, Steven S. Goldman, Morgan Stanley & Co., Incorporated, Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Needham & Company, LLC, RBC Capital Markets Corp., Madrona Venture Group, Atlas Venture, Atlas

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    Venture Fund V LP, Atlas Venture Entrepreneurs Fund V LP, Atlas Venture Associates V LP,

2    Sequoia Capital, Sequoia Capital X, Sequoia Technology Partners X LP, Sequoia Capital X

3    Principals Fund LLC, and SC X Management LLC (the "Original Defendants"). The Complaint

4    alleged that these defendants disseminated (or controlled those who disseminated) materially

5    false and misleading statements and failed to disclose material facts regarding Isilon's revenue

6    recognition practices;

7
8            D.        On June 16, 2008, the Original Defendants filed motions to dismiss the

9    Complaint. Plaintiffs filed a memorandum in opposition to these motions on July 31, 2008, and

10   the Original Defendants filed their reply memoranda on September 11, 2008. On December 16,

11   2008, the Court held a hearing on the Original Defendants' motions to dismiss. By Order dated

12   December 29, 2008, Judge Pechman (i) granted the motions to dismiss the Complaint filed by

13   Madrona Venture Group, Atlas Venture, Atlas Venture Fund V LP, Atlas Venture Entrepreneurs

14   Fund V LP, Atlas Venture Associates V LP, Sequoia Capital, Sequoia Capital X, Sequoia

15   Technology Partners X LP, Sequoia Capital X Principals Fund LLC, and SC X Management

16   LLC; (ii) denied the motion to dismiss filed by Morgan Stanley & Co., Incorporated, Merrill

17   Lynch, Pierce, Fenner & Smith, Incorporated, Needham & Company, LLC and RBC Capital

18   Markets Corp.; and (iii) granted in part and denied in part the motions to dismiss filed by Isilon,

19   Barry J. Fidelman, Elliott H. Jurgensen, Jr., Gregory L. McAdoo, Matthew S. McIlwain, Sujal

20   M. Patel, James G. Richardson, William D. Ruckelshaus, Stuart W. Fuhlendorf and Steven S.

21
22   Goldman;

23
24           E.        On July 14, 2009 and September 11, 2009 the Parties participated in a formal

25   mediation conducted by mediator David Geronemus. As a result of this mediation, the Parties

26   reached a memorandum of understanding for the resolution of this Action;

STIPULATION OF SETTLEMENT
(C07-1764 MJP) Page - 3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

F.    Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability and/or violation of law.  Nonetheless, Defendants have concluded that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation in order to limit further expense and inconvenience with respect to matters at issue in the Action.  This Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession by any party of any infirmity in the defenses asserted, or any infirmity in the claims asserted.  The Parties to this Stipulation recognize, however, that the Action is being voluntarily settled after advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable;

G.    Plaintiffs' Counsel has conducted a thorough investigation relating to the claims and the underlying events and transactions alleged in the Complaint.  Plaintiffs' Counsel's investigation and discovery included, *inter alia*: (i) review of Isilon's SEC filings; (ii) review of securities analysts' reports and advisories about the Company; (iii) review of wire and press releases published by and regarding the Company; (iv) review of publicly available documents, conference calls and announcements made by Defendants; (v) review of information regularly obtainable on the Internet; (vi) interviews with dozens of witnesses; (vii) review of over 100,000 pages of documents produced by Isilon to the SEC concerning Isilon's revenue recognition practices; (viii) discussions with Defendants' Counsel regarding these documents and the claims alleged in the Action; and (ix) research of the applicable law with respect to the claims asserted in the Action and the potential defenses thereto;

H.    Plaintiffs, by their counsel, have conducted discussions and arm's-length negotiations with counsel for Defendants with respect to a compromise and settlement of the Action with a view to settling the issues in dispute and achieving the best relief possible

STIPULATION OF SETTLEMENT
(C07-1764 MJP) Page - 4

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

consistent with the interests of the Class;

I.      Based upon their investigation, Plaintiffs and their Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering: (i) the benefits that Plaintiffs and the members of the Class will receive from the settlement of the Action; (ii) the attendant risks of litigation; (iii) the difficulties, expense and delays inherent in such litigation; (iv) the belief of Plaintiffs that the Settlement is fair, reasonable, and adequate, and in the best interest of all Class Members; and (v) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Plaintiffs of any lack of merit in the Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their respective counsel of record, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Parties hereto from the Settlement, that all Released Claims (as defined below) as against the Released Persons (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the following meanings:

STIPULATION OF SETTLEMENT
(C07-1764 MJP) Page - 5

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1           (a)    "Authorized Claimant" means a Class Member who submits a timely and

2   valid Proof of Claim and Release form ("Proof of Claim") to the Claims Administrator.

3           (b)    "Claims Administrator" means Rust Consulting, Inc., which shall

4   administer the Settlement.

5           (c)    "Class" and "Class Members" means all persons or entities who purchased

6   or otherwise acquired Isilon common stock between December 14, 2006 and November 8, 2007,

7   inclusive, including all persons or entities who acquired shares of Isilon common stock pursuant

8   and/or traceable to Isilon's December 2006 initial public offering, and who were damaged

9   thereby. Excluded from the Class are the Defendants; any officers or directors of Isilon during

10   or after the Class Period; any corporation, trust or other entity in which any Defendant has a

11   controlling interest; the members of the immediate families of Barry J. Fidelman, Elliott H.

12   Jurgensen, Jr., Gregory L. McAdoo, Matthew S. McIlwain, Sujal M. Patel, James G. Richardson,

13   William D. Ruckelshaus, Stuart W. Fuhlendorf or Steven S. Goldman (the "Individual

14   Defendants") or their successors, heirs, assigns and legal representatives; and venture capital

15   firms Madrona Venture Group, Atlas Venture, Atlas Venture Fund V LP, Atlas Venture

16   Entrepreneurs Fund V LP, Atlas Venture Associates V LP, Sequoia Capital, Sequoia Capital X,

17   Sequoia Technology Partners X LP, Sequoia Capital X Principals Fund LLC, and SC X

18   Management LLC, and any of their principals. Also excluded from the Class are any putative

19   Class Members who exclude themselves by filing a request for exclusion in accordance with the

20   requirements set forth in the Notice.

21           (d)    "Class Period" means the period of time between December 14, 2006 and

22   November 8, 2007, inclusive.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(e) "Defendants' Counsel" means any counsel representing any defendant in the Action.

(f) "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 28 below.

(h) "Escrow Agent" means Eagle Bank.

(i) "Lead Counsel" means Cohen Milstein Sellers & Toll PLLC.

(j) "Net Settlement Fund" means the Settlement Amount (as defined below), together with any interest earned thereon, less (i) any Taxes, (ii) any amounts incurred for notice and/or administration expenses referred to in paragraphs 8 and 11 hereof, and (iii) the attorneys' fees and expenses awarded to Lead Counsel pursuant to any Fee and Expense Application (referred to in paragraph 10 hereof) and approved by the Court.

(k) "Notice" means the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing, which is to be sent to members of the Class substantially in the form attached hereto as Exhibit 1 to Exhibit A.

(l) "Order and Final Judgment" means the proposed order to be entered by the Court approving the Settlement substantially in the form attached hereto as Exhibit B.

(m) "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A.

(n) "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate,

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   legal representative, trust, unincorporated association, government or any political subdivision or

2   agency thereof, and any business or legal entity and their spouses, heirs, predecessors,

3   successors, representatives, or assignees.

4           (o)    "Plaintiffs' Counsel" means any counsel representing any plaintiff in the

5   Action.

6
7           (p)    "Plan of Allocation" means a plan or formula of allocation of the Net

8   Settlement Fund to be proposed by Plaintiffs and approved by the Court which shall be described

9   in the Notice to be sent to Class Members in connection with the Settlement.

10          (q)    "Related Parties" means each of Defendants' past or present subsidiaries,

11  parents, successors and predecessors, officers, directors, shareholders, partners, agents,

12  employees, attorneys, insurers, spouses and any person, firm, trust, corporation, officer, director

13  or other individual or entity in which any Defendant has a controlling interest or which is related

14  to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in

15  interest or assigns of the Defendants.

16
17          (r)    "Released Persons" means each and all of Defendants and their Related

18  Parties.

19          (s)    "Released Claims" shall mean any and all claims, debts, demands, rights

20  or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or

21  common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-

22  accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class,

23  and/or individual in nature, including both known claims and "Unknown Claims" (as defined

24  below), (1) that have been asserted in this Action by Plaintiffs against any of the Released

25  Persons , or (2) that could have been asserted in this Action, or in any other action or forum by

26

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiffs and/or the members of the Class or any of them against any of the Released Persons which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and which related to the purchase or acquisition of Isilon common stock during the Class Period. Released Claims does not include any claims asserted in the derivative action, In re Isilon Systems, Inc. Derivative Litigation, 08-2-09536-3 SEA, pending in Washington Superior Court in and for King County.

(t)    "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Action or any forum by the Defendants, or the Related Parties of any of them against the Plaintiffs, any of the Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action.

(u)    "Settlement" means the settlement embodied by this Stipulation.

(v)    "Settlement Fund" means the principal amount of Fifteen Million Dollars ($15,000,000) in cash (the "Settlement Amount") plus any interest that may accrue thereon as provided herein.

(w)    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action for publication substantially in the form attached as Exhibit 3 to Exhibit A.

(x)    "Unknown Claims" means any and all Released Claims which Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the

STIPULATION OF SETTLEMENT
(C07-1764 MJP) Page - 9

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  release of the Released Persons, and any Settled Defendants' Claims which any Defendant does

2  not know or suspect to exist in his, her or its favor, which if known by him, her or it might have

3  affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all

4  Released Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the

5  Effective Date, the Plaintiffs and Defendants shall expressly waive, and each Class Member and

6  Released Person shall be deemed to have waived, and by operation of the Order and Final

7  Judgment shall have expressly waived, any and all provisions rights and benefits conferred by

8  any law of any state or territory of the United States, or principle of common law, which is

9  similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

10

11         A general release does not extend to claims which the creditor does not know or
           suspect to exist in his or her favor at the time of executing the release, which if
12         known by him or her must have materially affected his or her settlement with the
           debtor.
13

14  Plaintiffs and Defendants acknowledge, and the Class Members and Released Persons by

15  operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown

16  Claims" in the definition of Released Claims and Settled Defendants' Claims was separately

17  bargained for and was a key element of the Settlement.

18                      **SCOPE AND EFFECT OF SETTLEMENT**

19         2.      The obligations incurred pursuant to this Stipulation shall be in full and final

20  disposition of the Action and any and all Released Claims as against all Released Persons and

21  any and all Settled Defendants' Claims.

22         3.      Upon the Effective Date of this Settlement:

23              (a)     Plaintiffs and members of the Class on behalf of themselves and each of

24  their past or present subsidiaries, affiliates, parents, successors and predecessors, estates, heirs,

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 823-1900
FACSIMILE: (206) 623-3384

1  executors, administrators, and the respective officers, directors, shareholders, agents, legal

2  representatives, spouses and any persons they represent, shall, with respect to each and every

3  Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting,

4  any Released Claims against any of the Released Persons; and

5

6        (b)     Each of the Defendants and Related Parties, on behalf of themselves and

7  each of their past or present subsidiaries, affiliates, parents, successors and predecessors, estates,

8  heirs, executors, administrators, and the respective officers, directors, shareholders, agents, legal

9  representatives, spouses and any persons they represent, shall, with respect to each and every

10  Settled Defendants' Claims, shall release and forever discharge each and every of the Settled

11  Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants'

12  Claims.

13  ### THE SETTLEMENT CONSIDERATION

14

15      4.    Within ten (10) calendar days of the Order for Notice and Hearing, Isilon and its

16  directors' and officers' insurers shall pay or cause to be paid $200,000 of the Settlement Amount

17  into an interest-bearing escrow account on behalf of Plaintiffs and the Class, designated and

18  controlled by Lead Counsel, which Plaintiffs may use to pay amounts incurred for notice and

19  administration of the Settlement. This amount does not limit Plaintiffs' Counsel's ability to

20  incur additional notice and administrative costs and to seek Court approval for reimbursement of

21  those costs from the Settlement Fund after the balance of the Settlement Fund has been paid.

22

23      5.    Within sixty (60) days of entry of the Order for Notice and Hearing, Isilon and its

24  directors' and officers' insurers shall pay $14.8 million into an interest-bearing escrow account

25  on behalf of Plaintiffs and the Class designated and controlled by Lead Counsel.

26      6.    The Settlement will be non-recapture, i.e., it is not a claims-made settlement.

STIPULATION OF SETTLEMENT
(C07-1764 MJP) Page - 11

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  Defendants have no ability to keep or recover any of the settlement monies unless the Settlement

2  does not become effective.

3     7.    (a) The Settlement Fund, net of any Taxes (as defined below) on the income

4  thereof, shall be used to pay (i) the Notice and Administration Costs referred to in paragraph 8

5  hereof, (ii) the attorneys' fee and expense award referred to in paragraph 10 hereof, and (iii) the

6  remaining administration expenses referred to in paragraph 11 hereof. The balance of the

7  Settlement Fund after the above payments shall be the Net Settlement Fund which shall be

8  distributed to the Authorized Claimants as provided in paragraphs 12-22 hereof. Any sums

9  required to be held in escrow hereunder prior to the Effective Date shall be deposited by Lead

10  Counsel in an account with the Escrow Agent. All funds held by the Escrow Agent shall be

11  deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court

12  until such time as the funds shall be distributed or returned to the person(s) paying the same

13  pursuant to this Stipulation and/or further order of the Court. The Escrow Agent, upon

14  instructions from Lead Counsel, shall invest any funds in excess of $150,000 in short term

15  United States Agency or Treasury Securities, and shall collect and reinvest all interest accrued

16  thereon. Any funds held in escrow in an amount of less than $150,000 may be held in an

17  interest-bearing bank account insured by the FDIC. The Parties hereto agree that the Settlement

18  Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §

19  1.468B-1 and that, upon instructions from Lead Counsel, the Claims Administrator, as

20  administrator of the Settlement Fund within the meaning of Treasury Regulation §1.468B-

21  2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the

22  Settlement Fund any Taxes owed with respect to the Settlement Fund. Defendants agree to

23  reasonably cooperate with the Claims Administrator and Lead Counsel to provide information

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

available to them that is needed for filing tax returns for the Settlement Fund and will give their

consent to the Settlement Fund's filing of any relation back election.

(b)    All (i) taxes on the income of the Settlement Fund and (ii) expenses and

costs incurred in connection with the taxation of the Settlement Fund (including, without

limitation, expenses of tax attorneys and accountants) (collectively, "Taxes") shall be paid out of

the Settlement Fund, shall be considered to be a cost of administration of the Settlement and

shall be timely paid by the Claims Administrator and Lead Counsel without prior order of the

Court. The Defendants and Released Persons shall have no liability or responsibility for the

payment of any Taxes. The Settlement Fund shall indemnify and hold the Released Persons

harmless for any Taxes (including, without limitation, Taxes payable by reason of any such

indemnification).

## ADMINISTRATION

8.    The Claims Administrator shall administer the Settlement under Lead Counsel's

supervision and subject to the jurisdiction of the Court. The Released Persons shall have no

liability, obligation or responsibility for the administration of the Settlement or disbursement of

the Net Settlement Fund, except for their obligation to pay the Settlement Amount, as provided

herein, and to make Isilon's transfer records and shareholder information available to Lead

Counsel or their agent to the extent necessary to identify and give notice to the Class within five

(5) business days of the Court's execution of the Order for Notice and Hearing.

9.    The Settlement Fund shall be applied to pay all reasonable costs and expenses of

notice to members of the Class and administration of the Settlement Fund, escrow fees, Taxes,

custodial fees and expenses incurred in connection with processing Proofs of Claim or

distributing the Settlement Fund from the Settlement Fund. After entry of the Order for Notice

STIPULATION OF SETTLEMENT
(C07-1764-MJP) Page - 13

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

and Hearing, and prior to Final Approval, up to $200,000 may be disbursed from the Settlement

Fund without further approval of the Court. Upon the Effective Date, Lead Counsel may pay

from the Settlement Fund the costs and expenses associated with the administration of the

Settlement and the processing of submitted claims in excess of $200,000, upon Court approval.

### ATTORNEYS' FEES AND EXPENSES

10.    Lead Counsel will apply to the Court for an award from the Settlement Fund of

attorneys' fees and reimbursement of costs and expenses (the "Fee and Expense Application"),

plus interest earned in the Settlement Fund on both amounts. Such attorneys' fees and expenses,

as are awarded by the Court, shall be paid from the Settlement Fund to Lead Counsel

immediately upon the Court's execution of the Order and Final Judgment, notwithstanding the

existence of any timely-filed objections thereto, potential for appeal therefrom, or any collateral

attack on the Settlement or any part thereof, subject to the obligation of Plaintiffs' Counsel to

make appropriate refunds or repayments to the Settlement Fund plus accrued interest at the rate

paid on the Settlement Fund by the financial institution holding it, if and when, as a result of any

appeal and/or further proceedings on remand, or successful collateral attack, the fee or expense

award is reduced or reversed. Defendants will not contest or otherwise negatively comment on

Lead Counsel's Fee and Expense Application, or any request for an award to the Plaintiffs (if

any such request is made), and such matters are not the subject of any agreement between the

Parties other than what is already set forth above in this paragraph. The procedure for and the

allowance or disallowance of any application for attorneys' fees and expenses are matters

separate and apart from the Settlement and are to be considered by the Court separately from the

Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order

or proceeding relating solely to an award of attorneys' fees and expenses, or any appeal from any

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

order relating thereto, or any reversal or modification thereof, shall have no effect on the

Settlement and shall not operate to, or be grounds to, terminate or cancel the Settlement or to

affect or delay the finality of the final judgment approving the Settlement.

## ADMINISTRATION EXPENSES AND DISTRIBUTION ORDER

11.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for an

order (the "Class Distribution Order") approving the Claims Administrator's administrative

determinations concerning the acceptance and rejection of the claims submitted herein and

approving any fees and expenses not previously applied for, including the fees and expenses of

the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net

Settlement Fund to Authorized Claimants.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

12.     The Claims Administrator shall determine each Authorized Claimant's *pro rata*

share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as

defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit 1 to Exhibit

A, or in such other Plan of Allocation as the Court approves).

The Plan of Allocation proposed in the Notice is not a necessary term of this Stipulation and it is

not a condition of this Stipulation that the Plan of Allocation be approved.  Defendants will take

no position with respect to such proposed Plan of Allocation or such plan as may be approved by

the Court.

13.     Each Authorized Claimant shall be allocated a pro rata share of the Net

Settlement Fund based on his, her, or its Recognized Claim compared to the total Recognized

Claims of all accepted claimants.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

14.     The Defendants shall not have any responsibility for or liability, or any rights or claims, whatsoever with respect to: (i) any act, omission or determination of Plaintiffs' Counsel, the escrow agents or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

15.     Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.

16.     The Claims Administrator and Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

17.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

(a)     Each Class Member shall be required to submit a Proof of Claim (see Exhibit 2 to Exhibit A), supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

STIPULATION OF SETTLEMENT
(C07-1764 MJP) Page - 16

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

(b)    All Proofs of Claim must be submitted by the date specified in the Notice unless such period is extended by Order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims. Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below. Lead Counsel will submit the Claims Administrator's recommendations to the Court;

(d)    Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the claimant in order to remedy the curable deficiencies in the Proofs of Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)    If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

(f)    The Claims Administrator's recommendations accepting and rejecting claims shall be presented to the Court for its approval in the Class Distribution Order.

18.    Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of the claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

19.    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Persons concerning the Released Claims.

STIPULATION OF SETTLEMENT
(C07-1764 MJP) Page - 18

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON, 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

20.     All proceedings with respect to the administration, processing and determination of claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

21.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after:  (i) all claims have been processed, and all claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court; and (iv) all costs of administration have been paid.

22.     If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, (b) second to pay any additional settlement administration fees and expenses, including those of Lead Counsel as may be approved by the Court, and (c) finally, to be distributed as recommended by Lead Counsel and approved by the Court.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**TERMS OF ORDER FOR NOTICE AND HEARING**

23.    Concurrently with their application for preliminary Court approval of the Settlement contemplated by this Stipulation, Plaintiffs' Counsel and Defendants' Counsel jointly shall apply to the Court for entry of an Order for Notice and Hearing, substantially in the form annexed hereto as Exhibit A.

**TERMS OF ORDER AND FINAL JUDGMENT**

24.    If the Settlement contemplated by this Stipulation is approved by the Court, counsel for the Parties shall request that the Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit B.

**RIGHT OF EXCLUSION AND OBJECTION**

25.    Any Person may seek to be excluded from the Class and the Settlement provided for by this Stipulation by submitting a written request for exclusion ("Request for Exclusion"). Any Request for Exclusion must be postmarked or received by the Claims Administrator no later than fourteen (14) calendar days before the Final Settlement Hearing date established by the Court. Any Class Member so excluded shall not be bound by the terms of the Stipulation, nor entitled to any of its benefits, and shall not be bound by any Order and Final Judgment and/or other order of the Court entered herein, whether pursuant to this Stipulation or otherwise.

26.    Any Class Member who does not exclude himself, herself or itself from the Class and the Settlement shall have the right to submit written objections concerning the Settlement, Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses, which objections shall state all of the reasons for the objection(s). Any written objection(s), and any briefs, affidavits or other evidence submitted in support thereof must be filed with the Clerk of the Court fourteen (14) calendar days before the Settlement Fairness Hearing date established by

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    the Court. All persons and/or entities desiring to attend the Settlement Fairness Hearing and be

2    heard as objectors must have filed written objections as provided herein, as a condition of

3    appearing and being heard at such hearing. Any Class Member who does not timely file written

4    objections to the Settlement pursuant to this paragraph and the Notice shall not be permitted to

5    object to the Settlement at the Settlement Fairness Hearing, and shall be foreclosed from

6    objecting to, challenging or otherwise seeking review of the Settlement by appeal or otherwise,

7

8    in this Action or in any other action.

9        27.    To retract or withdraw a Request for Exclusion, a member of the Class must file a

10   written notice with the Claims Administrator stating the person's or entity's desire to retract or

11   withdraw his, her, or its Request for Exclusion and that person's or entity's desire to be bound by

12   any judgment or settlement in this Action; provided, however, that the filing of such written

13   notice may be effected by Lead Counsel. Lead Counsel shall promptly notify Defendants'

14

15   Counsel of any retraction or withdrawal of a Request for Exclusion.

16    **EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION**

17       28.    The Effective Date of Settlement shall be the date when all the following shall

18   have occurred:

19               (a)    funding in conformity with paragraphs 4 and 5;

20

21               (b)    entry of the Order for Notice and Hearing in all material respects in the

22   form annexed hereto as Exhibit A;

23               (c)    approval by the Court of the Settlement, following notice to the Class and

24   a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

25               (d)    entry by the Court of an Order and Final Judgment, in all material respects

26   in the form set forth in Exhibit B annexed hereto, and the expiration of any time for appeal or

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such

2   Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to

3   review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order

4   and final judgment in a form other than that provided above ("Alternative Judgment") and none

5   of the Parties hereto elect to terminate this Settlement, the date that such Alternative Judgment

6   becomes final and no longer subject to appeal or review.

7

8       29.    Defendants' Counsel or Lead Counsel shall have the right to terminate the

9   Settlement and this Stipulation by providing written notice of their election to do so

10  ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of: (a) the

11  Court's declining to enter the Order for Notice and Hearing in any material respect; (b) the

12  Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to

13  enter the Order and Final Judgment in any material respect; (d) the date upon which the Order

14  and Final Judgment is modified or reversed in any material respect by the Court of Appeals or

15  the Supreme Court; or (e) the date upon which an Alternative Judgment is modified or reversed

16  in any material respect by the Court of Appeals or the United States Supreme Court.

17

18      30.    If, prior to the Settlement Hearing, any Persons who otherwise would be members

19  of the Settlement Class have timely requested exclusion ("Requests for Exclusion") from the

20  Settlement Class in accordance with the provisions of the Notice Order and the Notice given

21  pursuant thereto, and such Persons in the aggregate purchased or otherwise acquired a number of

22  shares of Isilon common stock during the relevant time periods in an amount greater than the

23  sum specified in a separate "Supplemental Stipulation" between Plaintiffs and Isilon, Isilon shall

24  have, in its sole and absolute discretion, the option to terminate this Stipulation on behalf of all

25  Parties in accordance with the procedures set forth in the Supplemental Stipulation. The

26

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  Plaintiffs shall also have the right to seek a retraction of any Request for Exclusion pursuant to

2  the Supplemental Stipulation. The Supplemental Stipulation will not be filed with the Court. If

3  required by the Court, the Supplemental Stipulation and/or any of its terms may be disclosed in

4  camera to the Court for purposes of approval of the Settlement, but such disclosure shall be

5  carried out to the fullest extent possible in accordance with the practices of the Court so as to

6  preserve the confidentiality of the Supplemental Stipulation, particularly the threshold aggregate

7  number of shares. Copies of all Requests for Exclusion received, together with copies of all

8  written revocations of Requests for Exclusion, shall be delivered to Defendants' counsel as soon

9

10  as possible after receipt by the Plaintiffs or Lead Counsel but in any event no later than five (5)

11  business days before the Settlement Hearing.

12      31.    An order of the Court or modification or reversal on appeal of any order of the

13  Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses

14  and interest awarded by the Court to the Plaintiffs or Plaintiffs' Counsel shall not constitute

15

16  grounds for cancellation or termination of this Stipulation or the Settlement.

17      32.    Except as otherwise provided herein, in the event the Settlement is terminated or

18  fails to become effective for any reason, then the Parties to this Stipulation shall be deemed to

19  have reverted to their respective litigation positions as of September 11, 2009 and, except as

20  otherwise expressly provided, the Parties shall proceed in all respects as if this Stipulation and

21  any related orders had not been entered, and any portion of the Settlement Amount previously

22  paid or caused to be paid by Defendants, together with any interest earned thereon, less any

23

24  Taxes due with respect to such income, and less the costs of administration and notice actually

25  incurred whether paid or not paid, shall be returned within ten (10) business days to the payor of

26  the Settlement Amount.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## NO ADMISSION OF WRONGDOING

33.    This Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Plaintiffs, the Defendants, any member of the Class, or any other person or entity, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Plaintiffs, any member of the Class, any present or former stockholder of Isilon, or any other person or entity, has or has not suffered any damage, **except that** the Released Persons may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## MISCELLANEOUS PROVISIONS

34.    All of the exhibits attached hereto are material and integral parts hereof and are hereby incorporated by reference as though fully set forth herein.

35.    After the filing of this Stipulation but before distribution of any portion of the Settlement Fund, if a case is commenced in respect of any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf

STIPULATION OF SETTLEMENT
(C07-1764 MJP) Page - 24

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  of such Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction

2  and any portion thereof is required to be returned, and such amount is not promptly deposited to

3  the Settlement Fund by other Defendants, then, at the election of Lead Counsel, the Parties may

4  jointly move the Court to vacate and set aside the releases given and Order and Final Judgment

5  entered in favor of such Defendant pursuant to this Stipulation, which releases and Order and

6  Final Judgment shall be null and void, and the Parties shall be restored to their respective

7  positions in the Action immediately prior to the exclusion of this Stipulation and any cash

8  amounts in the Settlement Fund shall be returned to the persons or entities that paid such

9  amounts, as provided above.

10       36.    The Parties to this Stipulation intend the Settlement to be a final and complete

11  resolution of all disputes asserted or which could be asserted by the Class Members against the

12  Released Persons with respect to the Released Claims. Accordingly, Plaintiffs, on behalf of

13  themselves and the Class, and Defendants agree not to assert in any forum that the Action was

14  brought by Plaintiffs or defended by Defendants in bad faith or without a reasonable basis. The

15  Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil

16  Procedure relating to the prosecution, defense, or settlement of the Action. The Parties agree that

17  the amount paid and the other terms of the Settlement were negotiated at arm's-length in good

18  faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with

19  experienced legal counsel.

20       37.    This Stipulation may not be modified or amended, nor may any of its provisions

21  be waived except by a writing signed by all Parties hereto or their successors-in-interest.

22       38.    The headings herein are used for the purpose of convenience only and are not

23  meant to have legal effect.

STIPULATION OF SETTLEMENT
(C07-1764 MJP) Page - 25

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

39.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Counsel and enforcing the terms of this Stipulation.

40.    The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

41.    This Stipulation and its exhibits constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

42.    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

43.    This Stipulation is binding upon and shall inure to the benefit of the Parties and their respective agents, successors, executors, heirs and assigns.

44.    The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of Washington without regard to any choice of law provision, except to the extent that federal law requires that federal law governs.

45.    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  between the Parties, and all Parties have contributed substantially and materially to the

2  preparation of this Stipulation.

3       46.    All counsel and any other person executing this Stipulation and any of the

4  exhibits hereto, or any related settlement documents, warrant and represent that they have the full

5  authority to do so and that they have the authority to take appropriate action required or

6  permitted to be taken pursuant to the Stipulation to effectuate its terms.

7

8       47.    Plaintiffs' Counsel and Defendants' Counsel agree to cooperate fully with one

9  another in seeking Court approval of the Order for Notice and Hearing, the Stipulation and the

10  Settlement, and to promptly agree upon and execute all such other documentation as may be

11  reasonably required to obtain final approval by the Court of the Settlement.

12       48.    The Parties agree that the mediator for the Action, Mr. David Geronemus, shall

13  continue to assist them with any disputes over the terms of the Settlement until such time as the

14  Court grants preliminary approval.

15

16  Dated:  October 23, 2009

17                                    Lynn Lincoln Sarko, WSBA #16569
                                      Juli E. Farris, WSBA #17593
18                                    Elizabeth A. Leland, WSBA # 23433
                                      KELLER ROHRBACK L.L.P.
19                                    1201 Third Avenue, Suite 3200
                                      Seattle, WA 98101-3052
20                                    Telephone: (206) 623-1900
                                      Facsimile: (206) 623-3384
21                                    jfarris@kellerrohrback.com
                                      bleland@kellerrohrback.com

22                                    Liaison Counsel for Lead Plaintiff

23

24

25

26

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

Dated: October 23, 2009

2

*[signature]*

3

Steven J. Toll, Admitted Pro Hac Vice
Lisa M. Mezzetti, Admitted Pro Hac Vice

4

Matthew K. Handley, Admitted Pro Hac Vice
COHEN MILSTEIN SELLERS

5

& TOLL PLLC
1100 New York Ave., N.W.

6

Suite 500 West Tower
Washington, DC 20005
Telephone: (202) 408-4600

7

Facsimile: (202) 408-4699
lmezzetti@cmht.com

8

mhandley@cmht.com

9

Lead Counsel for Lead Plaintiff

10

Blair A. Nicholas
Elizabeth Lin

11

Jon Worm
BERNSTEIN LITOWITZ BERGER &

12

GROSSMANN LLP
12481 High Bluff Drive, Suite 300

13

San Diego, CA 92130-3582.
Telephone: (858) 793-0070

14

Facsimile: (858) 793-0323

15

Counsel for Plaintiff The Southwest Carpenters
Pension Trust

16

17

Dated: October 23, 2009

18

*[signature]*

Barry M. Kaplan, WSBA #8661

19

Christopher F. Nelson, WSBA #39600
WILSON SONSINI GOODRICH & ROSATI

20

Professional Corporation
701 Fifth Avenue, Suite 5100

21

Seattle, WA 98104-7036
Telephone: (206) 883-2500

22

Facsimile: (206) 883-2699
Email: bkaplan@wsgr.com

23

cnelson@wsgr.com

24

25

26

STIPULATION OF SETTLEMENT
(C07-1764 MJP) Page - 28

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900.
FACSIMILE: (206) 623-3384

1

2

3

4

5

6

7

8

9

Jerome F. Birn, Jr., *Admitted Pro Hac Vice*
Gregory L. Watts, *Admitted Pro Hac Vice*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA  94304-1050
Telephone:  (650) 493-9300
Facsimile (650) 493-6811
Email:  jbirn@wsgr.com

Attorneys for Defendants
Isilon Systems, Inc., Barry J. Fidelman, Elliott
H. Jurgenson, Jr., Gregory L. McAdoo,
Matthew S. McIlwain, Sujal M. Patel, James G.
Richardson, William D. Ruckelshaus

10   Dated:  October 23, 2009

11

12

13

14

15

16

Peter Ehrlichman, WSBA #6591
Curt Roy Hineline, WSBA #16317
1420 Fifth Avenue, Suite 3400
Seattle, WA  98101-4010
Telephone:  (206) 983-8800
Facsimile:  (206) 903-8820
Email:  Ehrlichman.peter@dorsey.com
Email:  Hineline.curt@dorsey.com

Attorneys for Defendant Stuart W. Fuhlendorf

17

18   Dated:  October 23, 2009

19

20

21

22

23

Robert Sulkin, WSBA #15425
600 University St., Suite 2700
Seattle, WA  98101
Telephone:  (206) 467-1816
Facsimile:  (206) 624-5128
Email:  rsulkin@mcnaul.com

Attorneys for Defendant Steve Goldman

24

25

26

STIPULATION OF SETTLEMENT
(C07-1764-MJP) Page - 29

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

3  Dated: October 23, 2009

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Larry S. Gangnes, WSBA #8118
1420 Fifth Avenue, Suite 4100
Seattle, WA  98101
Telephone:  (206) 223-7000
Facsimile:  (206) 223-7107
Email:  gangnesl@lanepowell.com

Seth Aronson
Meredith N. Landy
400 S. Hope Street
Los Angeles, CA  90071
Telephone: (213) 430-7486
Facsimile:  (213) 430-6407
saronson@omm.com
mlandy@omm.com

Attorneys for the Underwriter Defendants

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on October 23, 2009, I electronically filed the foregoing paper with

3

the Clerk of the Court using the ECF system which will send notification of such filing to the

4

following ECF participants:

5

Steve W. Berman steve@hbsslaw.com, heatherw@hbsslaw.com

6

Peter Scott Ehrlichman ehrlichman.peter@dorsey.com, follis.kerry@dorsey.com,
seattle.docketing@dorsey.com, young.jan@dorsey.com

7

8

Larry Steven Gangnes gangnesl@lanepowell.com, docketing-sea@lanepowell.com,
donnellyjossm@lanepowell.com, sebringl@lanepowell.com

9

10

Barry M Kaplan bkaplan@wsgr.com, npierce@wsgr.com, srobinson@wsgr.com

11

Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

12

Christopher Brian Wells wellsc@lanepowell.com, dahlk@lanepowell.com, docketing-
sea@lanepowell.com, fosters@lanepowell.com

13

14

Robert M Sulkin rsulkin@mcnaul.com, rlindsey@mcnaul.com

15

Curt Roy Hineline hineline.curt@dorsey.com, jarvis.sally@dorsey.com

16

Lynn Lincoln Sarko lsarko@kellerrohrback.com

17

Elizabeth Ann Leland bleland@kellerrohrback.com, dwilcher@kellerrohrback.com

18

Karl Phillip Barth kbarth@lmbllp.com, shelby@lmbllp.com

19

Juli E. Farris jfarris@KellerRohrback.com, kzajac@KellerRohrback.com

20

Roger M Townsend rtownsend@bjtlegal.com, admin@bjtlegal.com

21

Gregory J Hollon ghollon@mcnaul.com, bzentz@mcnaul.com

22

23

David Roy East deast@mcnaul.com, rlindsey@mcnaul.com

24

Meredith N Landy mlandy@omm.com

25

Steven J Toll stoll@cohenmilstein.com

26

Jerome F Birn, Jr jbirn@wsgr.com

STIPULATION OF SETTLEMENT
(C07-1764 MJP) Page - 31

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2  Gregory L Watts gwatts@wsgr.com, lbeltran@wsgr.com

3  Jason Mathew Leviton jleviton@cohenmilstein.com, JML64@georgetown.edu

4  Christopher F Nelson cnelson@wsgr.com, npierce@wsgr.com, srobinson@wsgr.com

5  Seth Aronson saronson@omm.com

6  Matthew K Handley mhandley@cohenmilstein.com

7  Lisa M Mezzetti lmezzetti@cohenmilstein.com

8

9  Daniel S Sommers dsommers@cohenmilstein.com

10 Bryan C Keane keane.bryan@dorsey.com, maikkula.myrna@dorsey.com

11 Vivi Tran vtran@omm.com

12 Sara M Folchi mpaul@omm.com, sfolchi@omm.com

13 Southwest Carpenters Pension Trust rtownsend@bjtlegal.com

14

15                          **KELLER ROHRBACK L.L.P.**

16

17       /s/ Elizabeth A. Leland
         Elizabeth A. Leland, WSBA #23433
18       bleland@kellerrohrback.com
         1201 Third Avenue, Suite 3200
19       Seattle, WA 98101-3052
         Telephone: (206) 623-1900
20       Facsimile: (206) 623-3384

21

22

23

24

25

26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384