THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DR. MAGDY FOUAD, individually and on behalf of all others similarly situated,

                                    Plaintiff,

        v.

ISILON SYSTEMS, INC., et al.,

                                    Defendants.

No. C07-1764 MJP

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND...................................... 2

    A.    Description of the Action................................................................... 2

    B.    Reasons for the Settlement................................................................ 4

III.  ARGUMENT ............................................................................................ 5

    A.    The Settlement Meets All the Criteria Necessary for this Court to
          Grant Preliminary Approval ............................................................. 5

    B.    The Settlement Agreement Resulted from Arm's-Length
          Negotiations ..................................................................................... 7

    C.    The Stage of the Proceedings and Discovery Support Approval of
          The Settlement ................................................................................. 8

    D.    The Settlement Confers a Substantial Benefit ...................................... 9

    E.    Submission of the Settlement to the Class Is Appropriate.................. 9

    F.    The Class Should be Certified for Settlement Purposes ................... 11

          1.    Numerosity............................................................................ 12

          2.    Commonality.......................................................................... 12

          3.    Typicality .............................................................................. 13

          4.    Adequacy .............................................................................. 14

          5.    Common Questions of Law Predominate and a Class
              Action is the Superior Method of Adjudication...................... 15

IV.   PROPOSED SCHEDULE ........................................................................ 16

V.    CONCLUSION........................................................................................ 18

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
(C07-1764 MJP) Page - i

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*Alfus v. Pyramid Tech. Corp.*, 764 F. Supp. 598 (N.D. Cal. 1991) .............................................. 14

4

*Amchem Prods. Inc.  v. Windsor*, 521 U.S. 591 (1997) ............................................................ 13

5

*Armstrong v. Board of School Directors*, 616 F.2d 305 (7th Cir. 1980). ................................. 7, 9

6

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975).............................................................. 11, 13

7

*Class Plaintiffs v. Seattle,* 955 F.2d 1268 (9th Cir. 1992) ........................................................ 6

8

*Danis v. USN Commc'ns, Inc.*, 189 F.R.D. 391 (N.D. Ill. 1999)................................................ 14

9

*Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) ............................................................ 6

10

*Dubin v. Miller*, 132 F.R.D. 269 (D. Colo. 1990)................................................................ 14

11

*Eisenberg v. Gagnon*, 766 F.2d 770 (3d Cir. 1985)................................................................ 16

12

*Fisher Bros. v. Cambridge-Lee Indus., Inc.*, 630 F. Supp. 482 (E.D. Pa. 1985)·················· 7

13

*Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975)................................................................... 8

14

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) .................................................. 11, 15

15

*Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir. 1964) .............................. 12

16

*In re Cirrus Logic Sec.*, 155 F.R.D. 654 (N.D. Cal. 1994)...................................................... 12

17

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL Docket No. 901,
    1992 U.S. Dist. LEXIS 14337 (C.D. Cal. June 10, 1992) ...................................................... 7

18

*In re Intelcom Group Sec. Litig.*, 169 F.R.D. 142 (D. Colo. 1996) ...................................... 14, 15

19

*In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359 (N.D. Ohio 2001) ........................ 15

20

*In re Wireless Facilities, Inc.*, 253 F.R.D. 630 (S.D. Cal. 2008)................................................ 13

21

*Kirkorian v. Borelli*, 695 F. Supp. 446 (N.D. Cal. 1988) .......................................................... 7

22

*Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507 (9th Cir. 1978) ..................................... 15

23

*Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615 (9th Cir. 1982) ............................... 6, 8

24

25

26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Perez-Funez v. Dist. Dir., Immigration & Naturalization Serv.*, 611 F. Supp. 990
(C.D. Cal. 1984) ............................................................................................. 12

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferrv v. Anderson, Inc.*,
390 U.S. 414 (1968) ......................................................................................... 8

*Reed v. GMC*, 703 F.2d 170 (5th Cir. 1983) ........................................................ 7

*Schwartz v. Harp*, 108 F.R.D. 279 (C.D. Cal. 1985) ........................................... 12

*Wehner v. Syntex Corp.*, 117 F.R.D. 641 (N.D. Cal. 1987) ................................. 12

*Weinberger v. Kendrick*, 698 F.2d 61 (2d Cir. 1982) ........................................ 7, 8

## Statutes

15 U.S.C.A. §78u-4(a)(7)(A)-(F) ........................................................................ 10

## Rules

Fed. R. Civ. P. 23 .............................................................................................. 11

Fed. R. Civ. P. 23(a) ............................................................................. 11, 14, 15, 16

Fed. R. Civ. P. 23(a)(1) ...................................................................................... 12

Fed. R. Civ. P. 23(a)(2) ................................................................................. 12, 13

Fed. R. Civ. P. 23(a)(3) ...................................................................................... 13

Fed. R. Civ. P. 23(a)(4) ...................................................................................... 15

Fed. R. Civ. P. 23(b) ........................................................................................... 15

Fed. R. Civ. P. 23(b)(3) ...................................................................................... 15

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................... 9

Fed. R. Civ. P. 23(e) ............................................................................................. 5

## Other Authorities

5 James Wm. Moore, *Moore's Federal Practice* ¶ 23.83[1] (3d ed. 2001) ................................. 6

Alba Conte & Herbert Newberg, NEWBERG ON CLASS ACTIONS, §8.2 (4th ed.
2002) ................................................................................................................. 9

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
(C07-1764 MJP) Page - iii

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 3.22 (2d ed. 1985)................................. 14

*Manual for Complex Litigation*, § 21.633 (4th ed. 2004) .......................................................... 11

*Manual for Complex Litigation,* § 30.41 (3d ed. 1995) ............................................................. 5

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
(C07-1764 MJP) Page - iv

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

2

## LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

3

4

5

6

7

8

9

10

Lead Plaintiff Dr. Magdy Fouad ("Lead Plaintiff") respectfully submits this

Memorandum of Law in support of his unopposed motion for the entry of an order (i) granting

preliminary approval to the proposed settlement set forth in the Stipulation of Settlement dated

October 23, 2009 (the "Stipulation"); (ii) approving the form and manner of giving notice of the

proposed Settlement to the Class[1]; (iii) certifying the proposed Class for purposes of settlement;

and (iv) setting a hearing date for final approval of the Settlement and its terms, including the

proposed Plan of Allocation (the "Settlement Hearing").[2]

11

## I.    INTRODUCTION

12

13

14

15

The proposed Settlement now submitted to the Court for preliminary approval provides

for the payment of Fifteen Million Dollars ($15,000,000) in cash (the "Settlement Fund") for the

benefit of the Class. As discussed in detail below, Lead Plaintiff and its counsel ("Lead

16

17

18

19

20

21

22

23

24

25

[1] The Class is defined as all persons or entities who purchased or otherwise acquired Isilon Systems, Inc. common stock between December 14, 2006 and November 8, 2007, inclusive, including all persons or entities who acquired shares of Isilon common stock pursuant and/or traceable to Isilon's December 2006 initial public offering, and who were damaged thereby. Excluded from the Class are the Defendants; any officers or directors of Isilon during or after the Class Period; any corporation, trust or other entity in which any Defendant has a controlling interest; the members of the immediate families of Barry J. Fidelman, Elliott H. Jurgensen, Jr., Gregory L. McAdoo, Matthew S. McIlwain, Sujal M. Patel, James G. Richardson, William D. Ruckelshaus, Stuart W. Fuhlendorf or Steven S. Goldman (the "Individual Defendants") or their successors, heirs, assigns and legal representatives; and venture capital firms Madrona Venture Group, Atlas Venture, Atlas Venture Fund V LP, Atlas Venture Entrepreneurs Fund V LP, Atlas Venture Associates V LP, Sequoia Capital, Sequoia Capital X, Sequoia Technology Partners X LP, Sequoia Capital X Principals Fund LLC, and SC X Management LLC, and any of their principals. Also excluded from the Class are any putative Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice and pursuant to the Court's order.

26

[2] Unless otherwise noted, all capitalized terms are defined in the Stipulation.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Counsel") submit that the proposed Settlement is in the best interests of the Class and represents a significant recovery, particularly in light of the risks of litigation. Accordingly, Lead Plaintiff respectfully moves for preliminary approval and submits this Memorandum of Law in support of the proposed Settlement.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Description of the Action

On and after November 1, 2007, the following three class actions were filed against Defendants in the United States District Court for the Western District of Washington alleging violations of the federal securities laws: *Marcel Youakim v. Isilon Systems, Inc., et al.*, Civil Action No. 07-1764; *Kirby D. Denger and David W. Hooper v. Isilon Systems, Inc., et al.*, Civil Action No. 07-1992; and *Phenil Patadia v. Isilon System, Inc., et al.*, Civil Action No. 07-2011.

By Order dated February 4, 2008, the Court consolidated these actions into Civil Action No. 07-1764, under the caption *Dr. Magdy Fouad, individually and on behalf of all others similarly situated v. Isilon Systems, Inc., et al.* (the "Action"). In this same Order, Judge Pechman appointed Dr. Magdy Fouad as Lead Plaintiff and appointed Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as lead counsel ("Lead Counsel") and Keller Rohrback L.L.P. as liaison counsel ("Liaison Counsel") for the Class. The Southwest Carpenters Pension Trust is an additional plaintiff in the case, represented by Bernstein Litowitz Berger & Grossmann LLP.

On April 18, 2008, after extensive research and investigation, Plaintiffs filed the Consolidated Class Action Complaint (the "Complaint") asserting claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule l0b-5 promulgated thereunder by the United States Securities and Exchange Commission (the "SEC"), and under §§ 11, 12 and 15 of the Securities Act of 1933, 15 U.S.C.

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
(C07-1764 MJP) Page - 2

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   §§ 77k, 77l, and 77o, against Isilon, Barry J. Fidelman, Elliott H. Jurgensen, Jr., Gregory L.

2   McAdoo, Matthew S. McIlwain, Sujal M. Patel, James G. Richardson, William D. Ruckelshaus,

3   Stuart W. Fuhlendorf, Steven S. Goldman, Morgan Stanley & Co., Incorporated, Merrill Lynch,

4   Pierce, Fenner & Smith, Incorporated, Needham & Company, LLC, RBC Capital Markets Corp.,

5   Madrona Venture Group, Atlas Venture, Atlas Venture Fund V LP, Atlas Venture Entrepreneurs

6   Fund V LP, Atlas Venture Associates V LP, Sequoia Capital, Sequoia Capital X, Sequoia

7   Technology Partners X LP, Sequoia Capital X Principals Fund LLC, and SC X Management

8   LLC (the "Original Defendants").  The Complaint alleged that these Defendants disseminated (or

9   controlled those who disseminated) materially false and misleading statements and failed to

10  disclose material facts regarding Isilon's revenue recognition practices.

11          On June 16, 2008, the Original Defendants filed motions to dismiss the Complaint.

12  Among other things, the Original Defendants strenuously argued that Plaintiffs could not

13  establish scienter required for the Exchange Act claims and that there was no loss causation.

14  Plaintiffs filed a memorandum in opposition to these motions on July 31, 2008, and the Original

15  Defendants filed their reply memoranda on September 11, 2008.  On December 16, 2008, the

16  Court held a hearing on the Original Defendants' motions to dismiss.  By Order dated December

17  29, 2008, Judge Pechman (i) granted the motions to dismiss the Complaint filed by Madrona

18  Venture Group, Atlas Venture, Atlas Venture Fund V LP, Atlas Venture Entrepreneurs Fund V

19  LP, Atlas Venture Associates V LP, Sequoia Capital, Sequoia Capital X, Sequoia Technology

20  Partners X LP, Sequoia Capital X Principals Fund LLC, and SC X Management LLC; (ii) denied

21  the motion to dismiss filed by Morgan Stanley & Co., Incorporated, Merrill Lynch, Pierce,

22  Fenner & Smith, Incorporated, Needham & Company, LLC and RBC Capital Markets Corp.;

23  and (iii) granted in part and denied in part the motions to dismiss filed by Isilon, Barry J.

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
(C07-1764 MJP) Page - 3

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  Fidelman, Elliott H. Jurgensen, Jr., Gregory L. McAdoo, Matthew S. McIlwain, Sujal M. Patel,

2  James G. Richardson, William D. Ruckelshaus, Stuart W. Fuhlendorf and Steven S. Goldman.

3      On July 14 and September 11, 2009, the Parties participated in a mediation presided over

4  by Mr. David Geronemus of JAMS.  As a result of this mediation, the Parties reached a

5  memorandum of understanding for the resolution of this Action.  Today, October 23, the Parties

6  have executed the Stipulation of Settlement, filed herewith.

7

8  **B.      Reasons for the Settlement**

9      Lead Plaintiff, by and through Lead Counsel, engaged in hard-fought litigation, discovery

10  work, and then substantial arm's-length negotiations with counsel for Defendants.  This not only

11  included the formal two-day mediation session presided over by an experienced mediator, but

12  also many informal discussions and a meeting with Counsel for Defendants before the mediation.

13  All of this work ultimately led to the Settlement now proposed.  Lead Plaintiff has conducted a

14  thorough investigation of Plaintiffs' allegations, which included extensive interviews with key

15  witnesses and review of public documents, review of more than 100,000 pages of documents

16  Isilon produced to the SEC as part of the SEC's investigation of Isilon, and work with an expert

17  to arrive at a detailed damages analysis.  Therefore, Lead Plaintiff has entered into this

18  Settlement with an in-depth understanding of the strengths and weaknesses of Plaintiffs' claims

19  and the damages allegedly suffered by the Class, as well as the details and viability of the

20  defenses put forward by the Defendants. The Settlement represents a substantial all-cash fund for

21  the Class and will eliminate the significant risk that continued litigation might result in a smaller

22  recovery or possibly no recovery at all.

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
(C07-1764 MJP) Page - 4

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Although Defendants have denied and continue to deny each and all of the claims and contentions alleged by Plaintiffs, they have agreed to the Settlement for the reasons set forth in the Stipulation.

Based upon the foregoing, Lead Plaintiff and Lead Counsel submit that the Settlement is fair, adequate and reasonable and that it warrants preliminary approval by the Court.

## III.    ARGUMENT

**A.    The Settlement Meets All the Criteria Necessary for this Court to Grant Preliminary Approval**

According to the *Manual for Complex Litigation,* the process for approving a class action settlement

> involves a two-step process.  First, counsel submit the proposed terms of the settlement and the court makes a preliminary fairness evaluation. . . .  If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies . . . the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

§ 30.41, at 236-37 (3d ed. 1995).

By this motion, Lead Plaintiff requests that the Court take the first step in the process, and preliminarily approve the proposed Settlement and allow Notice of it and a final approval hearing to be sent to Class Members.  Lead Plaintiff asks the Court to enter the proposed Order for Notice and Hearing ("Notice Order"), attached as Exhibit A to the Settlement Stipulation separately submitted herewith.

Under Rule 23(e) of the Federal Rules of Civil Procedure, before a class action may be dismissed or compromised, notice of the proposed dismissal or compromise must be given in the manner directed by the court, and judicial approval must be obtained.  The issue of whether a

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

proposed settlement should be approved is within the sound discretion of the district court, which should be exercised in the context of public policy strongly favoring the pretrial settlement of class action lawsuits. *See Class Plaintiffs v. Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992); *Officers for Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982).

Preliminary approval does not require the Court to make a final determination that a settlement is fair, reasonable and adequate. Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to class members. *See* 5 James Wm. Moore, *Moore's Federal Practice* ¶ 23.83[1], at 23-336.2 to 23-339 (3d ed. 2001). In considering a potential settlement, the Court need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute, *Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974), and need not engage in a trial on the merits. *Officers for Justice*, 688 F.2d at 625. Preliminary approval of a settlement should be granted if the proposed settlement falls within the range of what could be found "fair, adequate and reasonable" so that notice may be given to the proposed class and a hearing for final approval can be scheduled. *Id.; Class Plaintiffs*, 955 F.2d at 1276.

As outlined in the proposed Notice Order, if preliminary approval is granted, Lead Plaintiff will notify Class Members of the Settlement by mailing the Notice and Proof of Claim to them. The Notice advises Class Members of the essential terms of the Settlement, of information regarding Lead Counsel's fee and expense application, and of the proposed plan for allocating the Settlement proceeds among Class Members. It also sets forth the procedure for objecting to the Settlement or opting out of the Class, and notifies Class Members of the date, time and place of the Settlement Hearing. The proposed Notice plan also requires that Lead Plaintiff publish the Summary Notice.

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
(C07-1764 MJP) Page - 6

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    As summarized below, preliminary approval of the Settlement should be granted because

2    it is well within the range of possible approval.

3    **B.    The Settlement Agreement Resulted from Arm's-Length Negotiations**

4    There is an initial presumption that a proposed settlement is fair and reasonable when it is

5    the result of arm's-length negotiations.  This Settlement is the result of arm's-length negotiations

6    by experienced counsel and was reached only after Plaintiffs' Counsel diligently prosecuted the

7    claims of the Class.  Based upon Plaintiffs' Counsel's familiarity with the factual and legal issues

8    of this Action, the investigation they performed and discovery work they completed, and their

9    work preparing for and participating in the mediation, and urging their positions on the mediator

10   and Defense Counsel, they were ultimately able to negotiate a very good result for the Class.

11   This result also takes into account the defenses of Defendants, and the risks that the Action might

12   not survive a motion for summary judgment or that Lead Plaintiff would not prevail at trial or

13   upon appeal.  Indeed, throughout this litigation, Defendants asserted that loss causation could not

14   be established in this case.

15   Courts recognize that the opinion of experienced counsel supporting the settlement is

16   entitled to considerable weight.  *See*, *e.g.*, *In re First Capital Holdings Corp. Fin. Prods. Sec.*

17   *Litig.*, MDL Docket No. 901, 1992 U.S. Dist. LEXIS 14337, *8 (C.D. Cal. June 10, 1992)

18   (finding belief of counsel that the proposed settlement represented the most beneficial result for

19   the class to be a compelling factor in approving settlement).[3] Here, Lead Counsel (and all of

---

[3] *See also Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Reed v. GMC*, 703 F.2d
170, 175 (5th Cir. 1983); *Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1982); *Armstrong
v. Board of School Directors*, 616 F.2d 305, 325 (7th Cir. 1980); *Fisher Bros. v. Cambridge-
Lee Indus., Inc.*, 630 F. Supp. 482, 489 (E.D. Pa. 1985).

Lead Plaintiff's Memorandum of Law in Support of
Unopposed Motion for Preliminary Approval of Settlement
(C07-1764 MJP) Page - 7

Law offices of
**Keller Rohrback l.l.p.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiffs' Counsel) have extensive experience in securities litigation, and believe that this Settlement is fair, reasonable and adequate in light of the circumstances of this Action.

The question of whether a proposed settlement is fair, reasonable and adequate necessarily requires a judgment and evaluation by the attorneys for the parties based upon a comparison of "'the terms of the compromise with the likely rewards of litigation.'" *Weinberger*, 698 F.2d at 73 (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry v. Anderson, Inc.*, 390 U.S. 414, 424-25 (1968)).  An evaluation of the costs and benefits of settlement must also be tempered by a recognition that any compromise involves concessions on the part of all of the settling parties.  Indeed, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624 (citation omitted).  Here, $15,000,000 has been obtained for the Class, early in the litigation, and the Settlement allows the Class Members to receive benefits now and completely avoid the delay that would come from continued litigation.  In addition, there is no certainty, given Defendants' plans to assert various defenses, that Lead Plaintiff would prevail at trial (after the extended motion practice that would be expected to litigate motions for summary judgment).  The proposed Settlement eliminates these and many other risks of continued litigation.

**C.    The Stage of the Proceedings and Discovery Support Approval of The Settlement**

"'[T]he stage of the proceedings'" is another factor considered by courts when determining the fairness of a settlement.  *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (citation omitted).  Here, Lead Counsel conducted a thorough investigation of the facts and circumstances, having interviewed at least a dozen witnesses and reviewed over 100,000 pages of material produced to the SEC as part of its investigation of Isilon, prior to the execution of the

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
(C07-1764 MJP) Page - 8

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    Stipulation.  There can be no question that at the time the Settlement was reached, Lead Counsel

2    had a clear view of the strengths and weaknesses of the Class's claims.

3        Thus, the proposed Settlement is the product of serious, informed, non-collusive

4    negotiations, and well within the range of possible approval and does not have any obvious

5    deficiencies.  Therefore, preliminary consideration of the applicable factors for granting final

6    approval of class action settlements lends support to Lead Plaintiff's belief that this Settlement is

7    well "within the range of possible approval."  *Armstrong v. Board of School Directors*, 616 F.2d

8    305, 310 (7th Cir. 1980).

9

10   **D.    The Settlement Confers a Substantial Benefit**

11       Under the terms of the Settlement, Defendants have agreed to create a fund consisting of

12   $15 million in cash to be allocated among Class Members after deduction for Court-approved

13   fees and expenses.  This is a significant recovery, particularly in light of the risks of continued

14   litigation.  If the litigation had continued, Lead Plaintiff faced substantial risks, including

15   establishing Defendants' liability and the Class's full amount of damages at summary judgment

16   or trial.  Further, continued litigation would result in significant expense and risk.  This recovery,

17   obtained in the face of the real risk of no recovery at all, particularly supports approval of the

18   Settlement.

19

20   **E.    Submission of the Settlement to the Class Is Appropriate**

21       Rule 23 requires that notice of a settlement be "the best notice practicable under the

22   circumstances, including individual notice to all members who can be identified through

23   reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  *See also* Alba Conte & Herbert Newberg,

24   Newberg on Class Actions, §8.2 at 162-65 (4th ed. 2002).  In addition, the PSLRA imposes

25   its own requirements for notice: it must state: (i) the amount of the settlement proposed to be

Lead Plaintiff's Memorandum of Law in Support of
Unopposed Motion for Preliminary Approval of Settlement
(C07-1764 MJP) Page - 9

LAW OFFICES OF
**Keller Rohrback l.l.p.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1   distributed to the parties to the action, determined in the aggregate and on an average per-share

2   basis; (ii) if the parties do not agree on the average amount of damages per share that would be

3   recoverable in the event Lead Plaintiff prevailed, a statement from each settling party concerning

4   the issue(s) on which the parties disagree; (iii) a statement indicating which parties or counsel

5   intend to make an application for an award of attorneys' fees and costs (including the amount of

6   such fees and costs determined on an average per-share basis), and a brief explanation supporting

7   the fees and costs sought; (iv) the name, telephone number, and address of one or more

8   representatives of counsel for the plaintiff class who will be reasonably available to answer

9   questions concerning any matter contained in the notice of settlement published or otherwise

10  disseminated to the class; (v) a brief statement explaining the reasons why the parties are

11  proposing the settlement; and (vi) such other information as may be required by the Court. *See*

12  15 U.S.C.A. §78u-4(a)(7)(A)-(F).

13       As detailed in the proposed Notice Order, Lead Counsel and the Claims Administrator

14  propose to mail copies of the Notice of Proposed Settlement of Class Action, Motion for

15  Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing (the "Notice")

16  and the Proof of Claim and Release (which together meet each of the requirements described in

17  the above paragraph) by first class mail to all persons and entities who appear on the transfer

18  records of Isilon during the Class Period.  In addition, Lead Counsel intends to publish a

19  summary notice once in *The Investor's Business Daily* and provide a link to the Notice and the

20  Proof of Claim and Release form on the Settlement Administrator's website.  Lead Counsel also

21  intends to mail copies of the Notice to the largest banks and brokerage houses requesting that the

22  Notice be sent to all persons and entities for whom they acted as nominee purchaser of Isilon

23  common stock. The proposed notice program fulfills the requirements of due process because the

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
(C07-1764 MJP) Page - 10

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    proposed Notice alerts and informs those members of the Class who can be identified through

2    reasonable efforts of all of the information set forth above.

3    **F.      The Class Should be Certified for Settlement Purposes**

4         The preliminary approval process is also utilized to certify a settlement class when a class

5    has not previously been certified by the court.  The Ninth Circuit has long recognized that class

6    actions may be certified for the purpose of settlement only.  *Hanlon v. Chrysler Corp.*, 150 F.3d

7    1011, 1019 (9th Cir. 1998).  Classes for the purposes of settlement are recognized under the

8    general scheme of Rule 23, provided that the class is eventually determined to meet the

9    certification requirements under Rule 23.  *Id.*  Rule 23(a) sets forth four prerequisites to class

10   certification: (i) numerosity; (ii) commonality; (iii) typicality; and (iv) adequacy of

11   representation.  In addition, the class must meet one of the three requirements of Rule 23(b).  *See*

12   Fed. R. Civ. P. 23; *see also Manual for Complex Litigation*, § 21.633 (4th ed. 2004).  Here, the

13   proposed Class is defined in the Stipulation as:  "all persons or entities who purchased or

14   otherwise acquired Isilon common stock between December 14, 2006 and November 8, 2007,

15   inclusive, including all persons or entities who acquired shares of Isilon common stock pursuant

16   and/or traceable to Isilon's December 2006 initial public offering, and who were damaged

17   thereby."  Stipulation, at ¶1(c).

18        Generally, courts have found securities claims to be particularly well-suited for class

19   action status because they allow for the policies behind the securities laws to be enforced in

20   circumstances where there are numerous investors with small individual claims that otherwise

21   would effectively be barred from litigation.  *See Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir.

22   1975).  This Action is no exception and, as explained below, the Class satisfies each of the

23   requirements set forth above.

Lead Plaintiff's Memorandum of Law in Support of
Unopposed Motion for Preliminary Approval of Settlement
(C07-1764 MJP) Page - 11

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1

### 1.    Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is impracticable.  The Ninth Circuit has stated that "'impracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).  Indeed, classes consisting of 25 members have been held to be large enough to justify certification.  *See Perez-Funez v. Dist. Dir., Immigration & Naturalization Serv.*, 611 F. Supp. 990, 995 (C.D. Cal. 1984); *see also In re Cirrus Logic Sec.*, 155 F.R.D. 654, 656 (N.D. Cal. 1994).  Additionally, the exact size of the class need not be known so long as general knowledge and common sense indicate that the class is large.  *See Cirrus Logic*, 155 F.R.D. at 656; *see also Schwartz v. Harp*, 108 F.R.D. 279, 281-282 (C.D. Cal. 1985) ("A failure to state the exact number in the proposed class does not defeat class certification, and plaintiff's allegations plainly suffice to meet the numerosity requirement of Rule 23.") (citations omitted).

Here, millions of shares of Isilon common stock were traded during the Class Period.  In addition, beneficial holders of Isilon common stock are believed to number in the thousands and are geographically located throughout the United States, making joinder of all Class Members impractical.  Thus, the numerosity element is satisfied.

### 2.    Commonality

Rule 23(a)(2) is satisfied where the proposed class representatives share at least one question of fact or law with the claims of the prospective class.  *Wehner v. Syntex Corp.*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).  Further, there may be varying fact situations among individual members of the class as long as the claims of the plaintiff and other class members are

Lead Plaintiff's Memorandum of Law in Support of
Unopposed Motion for Preliminary Approval of Settlement
(C07-1764 MJP) Page - 12

Law Offices of
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

based on the same legal or remedial theory. *Blackie*, 524 F.2d at 902. Here, questions that are

common to the proposed Class include, among others:

   (i)     whether the federal securities laws were violated by Defendants' alleged acts;

   (ii)    whether the Company's publicly disseminated releases and statements during the Class Period omitted and/or misrepresented material facts;

   (iii)   whether the market prices of Isilon common stock during the Class Period were artificially inflated due to the material nondisclosures and/or misrepresentations complained of herein; and

   (iv)   whether members of the Class have sustained damages and, if so, what is the appropriate measure of damages.

Securities actions containing common questions such as the ones listed above have repeatedly

been held to be prime candidates for class certification. In short, because the core complaint of

all Class Members is that they purchased and/or acquired Isilon common stock at artificially

inflated prices, and suffered damages as a result of the alleged securities violations, the

commonality requirement of Rule 23(a)(2) is satisfied. *See In re Wireless Facilities, Inc.*, 253

F.R.D. 630, 635 (S.D. Cal. 2008) (finding "core issue" in a securities litigation to be plaintiffs'

"acquisition of [defendant's] common stock at artificially inflated prices").

    **3.**    **Typicality**

      The typicality requirement of Rule 23(a)(3) is satisfied when the claims or defenses of the

party or parties representing the class are typical of the claims or defenses of the other class

members. *See Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 625 (1997) (common-issues test

readily met in securities cases). However, differences in the amount of damage, the size or

manner of purchase, the nature of the purchaser, and the date of purchase are insufficient to

defeat class certification. *See Alfus v. Pyramid Tech. Corp.*, 764 F. Supp. 598, 606 (N.D. Cal.

Lead Plaintiff's Memorandum of Law in Support of
Unopposed Motion for Preliminary Approval of Settlement
(C07-1764 MJP) Page - 13

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1991).  In other words, typicality exists "even where factual distinctions exist between the claims of the named representative and the other class members."  *Danis v. USN Commc'ns, Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999).  The typicality requirement recognizes that a class representative "with claims typical of the class will, in pursuing and defending his own self interest in the litigation, be concomitantly advancing or defending the interests of the class."  *Dubin v. Miller*, 132 F.R.D. 269, 274 (D. Colo. 1990) (citing 1 Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 3.22, at 199 (2d ed. 1985)).

Here, Lead Plaintiff's claims and the claims of members of the Class arise from the same alleged conduct by Defendants.  Lead Plaintiff alleges that, like the other members of the Class, he purchased and/or acquired Isilon common stock at prices that were inflated because Defendants, in violation of the federal securities laws, issued false and materially misleading statements and/or omissions during the Class Period.  The proof(s) that Lead Plaintiff would present to establish his claims would also prove the claims of the rest of the Class.  *In re Intelcom Group Sec. Litig.*, 169 F.R.D. 142, 149 (D. Colo. 1996) (finding typicality in securities class action where major issue presented was "whether the Defendants have violated the federal securities laws").  Further, Lead Plaintiff is not subject to any unique defenses that could make him an atypical member of the Class.  Therefore, Lead Plaintiff respectfully submits that the Court should find that his claims are typical of the claims of the Class.

### 4.    Adequacy

A representative party satisfies Rule 23(a)'s adequacy requirement by showing that it will fairly and adequately protect the interests of the class.  To satisfy this requirement, the proposed class representative must be free of interests that are antagonistic to the other members of the class, and counsel representing the class must be qualified, experienced and capable of

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
(C07-1764 MJP) Page - 14

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

conducting the litigation. *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) (citation omitted); *Hanlon*, 150 F.3d at 1020.

Here, as described above, Lead Plaintiff has claims that are typical of and coextensive with those of the Class. Lead Plaintiff, like all Class Members purchased or otherwise acquired Isilon common stock at artificially inflated prices during the Class Period as a result of the Defendants' alleged materially false and misleading statements and/or omissions, and was allegedly damaged thereby. Further, Lead Plaintiff has retained counsel highly experienced in securities class action litigation, who has successfully prosecuted many securities and other complex class actions throughout the United States. Thus, Lead Plaintiff is an adequate representative of the proposed Class, and its counsel is qualified, experienced and capable of prosecuting this action, in satisfaction of Rule 23(a)(4).

### 5. Common Questions of Law Predominate and a Class Action is the Superior Method of Adjudication

Finally, in addition to the four requirements of Rule 23(a), a class must also satisfy one of the three subparts of Rule 23(b). Here, little question exists that a class action is superior to other available methods for litigation of the claims asserted here, as required by Rule 23(b)(3). To ensure that the class action is more efficient than individual actions, Rule 23(b) requires that common issues predominate over issues that are particular to a class representative. Generally, common questions will predominate if the common issue constitutes a significant part of each of the class members' individual cases. "[C]ommon issues need only predominate, not outnumber individual issues." *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 359, 374-75 (N.D. Ohio 2001). Further, "the superiority of class actions in large securities fraud [matters] is well recognized." *Intelcom*, 169 F.R.D. at 149.

LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT
(C07-1764 MJP) Page - 15

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8

The predominance test is met in this Action: the same set of operative facts and a single proximate cause applies to each Class Member. Further, the fact that a class action is the superior method to efficiently and effectively pursue the claims alleged here is shown by the fact that if Lead Plaintiff and each of the Class Members were to bring individual actions, they each would be required to prove the same wrongdoing by Defendants to establish liability. *See Eisenberg v. Gagnon*, 766 F.2d 770, 785 (3d Cir. 1985) (class actions are a particularly appropriate and desirable means to resolve claims based on securities laws).

9
10
11
12

In light of the foregoing, all of the requirements of Rule 23(a) and (b) are satisfied. Thus, there are no issues that prevent the Court from certifying the proposed Class for settlement purposes and appointing Lead Plaintiff as the class representative.

## IV.  PROPOSED SCHEDULE

13
14
15

If the Court grants preliminary approval to the proposed Settlement, the Parties respectfully submit the following procedural schedule for the Court's review:

16
17
18
19
20
21
22
23
24

| Event | Time for Compliance |
|---|---|
| Date by which the Claims Administrator shall cause a copy of the Notice and the Proof of Claim to be mailed by first class mail to all Class Members who can be identified with reasonable effort (the "Notice Date") | 30 calendar days after the Court's entry of the Order for Notice and Hearing |
| Deadline for publishing Summary Notice in *The Investor's Business Daily* | 10 calendar days after the Notice Date (Order for Notice and Hearing, ¶16) |
| Deadline for Filing Proofs of Claim | 150 calendar days following the Notice Date (Order for Notice and Hearing, ¶20) |

25
26

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| Filing of memoranda in support of approval of the Settlement and Plan of Allocation and in support of Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses | 21 days before the Settlement Fairness Hearing (Order for Notice and Hearing, ¶24) |
| --- | --- |
| Deadline for filing Exclusion Requests or Objections; both to be received by the Claims Administrator and Lead Counsel by this date | Not later than 14 calendar days before the Settlement Fairness Hearing (Order for Notice and Hearing, ¶¶ 18, 19) |
| Filing of memoranda in response to any objections to the Settlement | 7 days before the Settlement Fairness Hearing (Order for Notice and Hearing, ¶ 25) |
| Settlement Fairness Hearing | Approximately 120 days following execution of the Order for Notice and Hearing, or later at the Court's convenience (Order for Notice and Hearing, ¶10) |

Certain of the events set forth above are tied to the date on which the Settlement Fairness Hearing will be held; Lead Plaintiff respectfully requests that it be scheduled for approximately 120 days after the entry of the proposed Order for Notice and Hearing. If this schedule is not convenient for the Court, Lead Counsel request that the Court use at least the same or greater intervals between each event listed in the proposed schedule to provide all Parties sufficient time to comply with the proposed Order for Notice and Hearing and to provide Class Members with sufficient time to review the terms of the Settlement, consider their options and act accordingly.

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## V.   CONCLUSION

For all of the above reasons, Lead Plaintiff respectfully requests that his unopposed

Motion for Preliminary Approval of Settlement be approved.

Dated:  October 23, 2009

/s/ Elizabeth A. Leland
Lynn Lincoln Sarko, WSBA #16569
Juli E. Farris, WSBA #17593
Elizabeth A. Leland, WSBA # 23433
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
jfarris@kellerrohrback.com
bleland@kellerrohrback.com

Liaison Counsel for Lead Plaintiff

Steven J. Toll, Admitted Pro Hac Vice
Lisa M. Mezzetti, Admitted Pro Hac Vice
Matthew K. Handley, Admitted Pro Hac Vice
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave., N.W.
Suite 500 West Tower
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
lmezzetti@cmht.com
mhandley@cmht.com

Lead Counsel for Lead Plaintiff

Blair A. Nicholas
Elizabeth Lin
Jon Worm
BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130-3582
Telephone:  (858) 793-0070
Facsimile:  (858) 793-0323

Counsel for Plaintiff The Southwest Carpenters
Pension Trust

Lead Plaintiff's Memorandum of Law in Support of
Unopposed Motion for Preliminary Approval of Settlement
(C07-1764 MJP) Page - 18

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON  98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following ECF participants:

Steve W. Berman steve@hbsslaw.com, heatherw@hbsslaw.com

Peter Scott Ehrlichman ehrlichman.peter@dorsey.com, follis.kerry@dorsey.com, seattle.docketing@dorsey.com, young.jan@dorsey.com

Larry Steven Gangnes gangnesl@lanepowell.com, docketing-sea@lanepowell.com, donnellyjossm@lanepowell.com, sebringl@lanepowell.com

Barry M Kaplan bkaplan@wsgr.com, npierce@wsgr.com, srobinson@wsgr.com

Stellman Keehnel stellman.keehnel@dlapiper.com, patsy.howson@dlapiper.com

Christopher Brian Wells wellsc@lanepowell.com, dahlk@lanepowell.com, docketing-sea@lanepowell.com, fosters@lanepowell.com

Robert M Sulkin rsulkin@mcnaul.com, rlindsey@mcnaul.com

Curt Roy Hineline hineline.curt@dorsey.com, jarvis.sally@dorsey.com

Lynn Lincoln Sarko lsarko@kellerrohrback.com

Elizabeth Ann Leland bleland@kellerrohrback.com, dwilcher@kellerrohrback.com

Karl Phillip Barth kbarth@lmbllp.com, shelby@lmbllp.com

Juli E. Farris jfarris@KellerRohrback.com, kzajac@KellerRohrback.com

Roger M Townsend rtownsend@bjtlegal.com, admin@bjtlegal.com

Gregory J Hollon ghollon@mcnaul.com, bzentz@mcnaul.com

David Roy East deast@mcnaul.com, rlindsey@mcnaul.com

Meredith N Landy mlandy@omm.com

Steven J Toll stoll@cohenmilstein.com

Lead Plaintiff's Memorandum of Law in Support of
Unopposed Motion for Preliminary Approval of Settlement
(C07-1764 MJP) Page - 19

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1  Jerome F Birn, Jr jbirn@wsgr.com

2  Gregory L Watts gwatts@wsgr.com, lbeltran@wsgr.com

3  Jason Mathew Leviton jleviton@cohenmilstein.com, JML64@georgetown.edu

4
5  Christopher F Nelson cnelson@wsgr.com, npierce@wsgr.com, srobinson@wsgr.com

6  Seth Aronson saronson@omm.com

7  Matthew K Handley mhandley@cohenmilstein.com

8  Lisa M Mezzetti lmezzetti@cohenmilstein.com

9
10  Daniel S Sommers dsommers@cohenmilstein.com

11  Bryan C Keane keane.bryan@dorsey.com, maikkula.myrna@dorsey.com

12  Vivi Tran vtran@omm.com

13  Sara M Folchi mpaul@omm.com, sfolchi@omm.com

14  Southwest Carpenters Pension Trust rtownsend@bjtlegal.com

15
                                **KELLER ROHRBACK L.L.P.**
16

17                              /s/ Elizabeth A. Leland
18                              Elizabeth A. Leland, WSBA #23433
                                bleland@kellerrohrback.com
19                              1201 Third Avenue, Suite 3200
                                Seattle, WA 98101-3052
20                              Telephone: (206) 623-1900
                                        Facsimile: (206) 623-3384
21

22

23

24

25

26

Lead Plaintiff's Memorandum of Law in Support of
Unopposed Motion for Preliminary Approval of Settlement
(C07-1764 MJP) Page - 20

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384