THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DR. MAGDY FOUAD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ISILON SYSTEMS, INC., et al.,<br><br>Defendants | No. C07-1764 MJP<br><br><u>CLASS ACTION</u><br><br>**ORDER AND FINAL JUDGMENT** |

On the 5th day of March, 2010, a hearing having been held before this Court to determine: (a) whether the above-captioned federal securities class action (the "Action") satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure; (b) whether the terms of the proposed settlement ("Settlement") described in the Stipulation of Settlement dated October 23, 2009 (the "Stipulation") are fair, reasonable and adequate, and should be approved by the Court; (c) whether the proposed allocation of the Settlement fund (the "Plan of Allocation") is fair and reasonable and should be approved by the Court; (d) whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release of the Released Claims as against the Released Persons, as set

ORDER AND FINAL JUDGMENT - 1 -
No. C07-1764 MJP

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

forth in the Stipulation, should be ordered; (e) whether the application of Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and (f) such other matters as the Court might deem appropriate; and

The Court having considered all matters submitted to it at the hearing held on March 5, 2010 and otherwise; and

It appearing that a Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Reimbursement of Expenses and Settlement Fairness Hearing ("Notice") substantially in the form approved by the Order for Notice and Hearing dated November 2, 2009 was mailed to all persons and entities reasonably identifiable who purchased the common stock that is the subject of the Action during the Class Period, except those persons and entities excluded from the definition of the Class; and

It appearing that a Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") substantially in the form approved by the Court in the Order for Notice and Hearing was published pursuant to the specifications of the Court, and that a website was used for further availability of the Notice to the Class; and

It appearing that there are no objections to the Settlement or the Plan of Allocation; and

Given that no Class Member has filed a request for exclusion; NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Class Members and Defendants.

2. Unless otherwise defined herein, all capitalized terms used herein shall have the same meanings as set forth and defined in the Stipulation.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of

ORDER AND FINAL JUDGMENT
No. C07-1764 MJP
- 2 -
LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

the claims of the Class he seeks to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court hereby finds that the Notice distributed to the Class provided the best notice practicable under the circumstances. The Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation of the Settlement Fund, to all persons and entities entitled to such notice, and the Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Class Members (none of whom timely elected to exclude themselves) are bound by this Order and Final Judgment.

5. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby certifies the Action as a class action on behalf of all persons or entities who purchased or otherwise acquired Isilon common stock Isilon between December 14, 2006 and November 8, 2007, inclusive, including all persons or entities who acquired shares of Isilon common stock pursuant and/or traceable to Isilon's December 2006 initial public offering, and who were damaged thereby. Excluded from the Class are the Defendants; any officers or directors of Isilon during or after the Class Period; any corporation, trust or other entity in which any Defendant has a controlling interest; the members of the immediate families of Barry J. Fidelman, Elliott H. Jurgensen, Jr., Gregory L. McAdoo, Matthew S. McIlwain, Sujal M. Patel, James G. Richardson, William D. Ruckelshaus, Stuart W.

ORDER AND FINAL JUDGMENT - 3 -
No. C07-1764 MJP

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Fuhlendorf or Steven S. Goldman (the "Individual Defendants") or their successors, heirs, assigns and legal representatives; and venture capital firms Madrona Venture Group, Atlas Venture, Atlas Venture Fund V LP, Atlas Venture Entrepreneurs Fund V LP, Atlas Venture Associates V LP, Sequoia Capital, Sequoia Capital X, Sequoia Technology Partners X LP, Sequoia Capital X Principals Fund LLC, and SC X Management LLC, and any of their principals.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Plaintiffs are certified as class representatives and Lead Plaintiff's selection of Cohen Milstein Sellers & Toll PLLC as counsel for the Class is approved.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Action is hereby dismissed with prejudice and without costs.

9. Plaintiffs and members of the Class, on behalf of themselves and each of their respective past or present subsidiaries, affiliates, parents, successors and predecessors, estates, heirs, executors, administrators, and the respective officers, directors, shareholders, agents, legal representatives, spouses and any persons they represent, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Persons, whether or not they have submitted a Proof of Claim.

a) "Released Claims" shall mean any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured,

ORDER AND FINAL JUDGMENT - 4 -
No. C07-1764 MJP

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

whether class, and/or individual in nature, including both known claims and "Unknown Claims" (as defined in the Stipulation of Settlement), (1) that have been asserted in this Action by Plaintiffs against any of the Released Persons , or (2) that could have been asserted in this Action, or in any other action or forum by Plaintiffs and/or the members of the Class or any of them against any of the Released Persons which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and which related to the purchase or acquisition of Isilon common stock during the Class Period.  Released Claims does not include any claims asserted in the derivative action, *In re Isilon Systems, Inc. Derivative Litigation*, 08-2-09536-3 SEA, pending in Washington Superior Court in and for King County.

b) "Released Persons" means each and all of the Defendants and their Related Parties. "Related Parties" means each of Defendants' past or present subsidiaries, parents, successors and predecessors, officers, directors, shareholders, partners, agents, employees, attorneys, insurers, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, spouses heirs, successors in interest or assigns of the Defendants.

10. Upon the Effective Date of this Settlement, each of the Defendants and related Parties, on behalf of themselves and their successors and assigns, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

11. The Court finds that all Parties to the Action and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

ORDER AND FINAL JUDGMENT
No. C07-1764 MJP
- 5 -
LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

12. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

(b) offered or received against Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statements or written document approved or made by any Defendant;

(c) offered or received against Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to or for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder including to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d) construed against Defendants or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as, or received in evidence as, an admission, concession or presumption against the Plaintiffs or the Class that any of its claims are without merit or that

ORDER AND FINAL JUDGMENT
No. C07-1764 MJP
- 6 -
LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1 damages recoverable under any of the complaints filed in the Action would not have exceeded the Settlement Fund.

13. The Released Parties may file the Stipulation and/or this Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Plan of Allocation is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

15. A separate order shall be entered to approve Lead Plaintiff's Counsel's application for fees and reimbursement of costs and expenses as allowed by the Court. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses.

16. Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

17. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered, including those certifying a settlement Class, and releases delivered in

ORDER AND FINAL JUDGMENT - 7 -
No. C07-1764 MJP

LAW OFFICES OF
KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SIGNED this 5th day of March, 2010.

_____
Marsha J. Pechman
United States District Judge

ORDER AND FINAL JUDGMENT
No. C07-1764 MJP

- 8 -

LAW OFFICES OF
**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WASHINGTON 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384